[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13200
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:11-tp-60001-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BYRON SHERROD RAINNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 23, 2012)

Before DUBINA, Chief Judge, BARKETT, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Byron Rainner appeals the district court's order revoking his

supervised release and imposing a 22-month sentence pursuant to that revocation, which resulted in an upward variance from the sentence suggested under the Guidelines. The revocation petition filed by Rainner's probation officer, Steven Aasterud, alleged five violations of the conditions of his release. Violation One alleged that Rainner had conspired with Othel Turner to violate the law by fraudulently obtaining approximately $127,000 from Lois Rhodes, in violation of 18 U.S.C. § 1349. Violation Two alleged that Rainner had violated the law by having knowingly and fraudulently obtained Rhodes's property in the form of two personal checks totaling $2,000, in violation of Fla. Stat. § 812.014(1). Violation Three alleged that Rainner had violated the law by driving with a suspended license, in violation of Fla. Stat. § 322.34(2)(c). Violation Four alleged that Rainner violated a condition of his release by failing to report to the probation officer the $2,000 in income he obtained as a result of Violation Two. Violation Five alleged that Rainner violated the condition of his release that required him to be truthful to his probation officer, by presenting Aasterud with copies of money orders Rainner claimed he was using to make restitution payments but, instead, was altering those money orders and using them for personal gain. On appeal, Rainner alleges that the district court abused its discretion in revoking his supervised release and in varying upward from the suggested guideline sentence.

2

*A. Revocation of Supervised Release*

Rainner argues that the district court abused its discretion in revoking his supervised release based on Violations Two and Four, as the $2,000 in checks that Rainner may have cashed were for services Rhodes actually received, and no evidence showed that Rainner kept the money.[1] With regard to Violation Three, Rainner asserts that there was insufficient evidence to show that his license was suspended on the date of his arrest. Finally, Rainner maintains that Violation Five, to which he admitted, is not a violation of state or federal law and therefore not a basis for revoking his release.

We review the district court's conclusion that the defendant violated the terms of his supervised release for an abuse of discretion. *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir.), *cert. denied*, 131 S. Ct. 482 (2010). A district court's findings of fact made at a revocation proceeding are binding unless clearly erroneous. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).

A district court may revoke a defendant's term of supervised release if the

[1] Rainner also contends that, in discussing its decision to revoke his release, the court's statement that it did not doubt that Rainner defrauded Rhodes out of approximately $127,000, was erroneous and not a reasonable inference from the evidence. However, it is clear from the context that Rainner only argues that the court's belief in this regard affected its sentencing decision, which is discussed *infra*, not its revocation decision.

3

court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3); *see also United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (explaining that the preponderance of the evidence standard requires only that the trier of fact believe that "the existence of a fact is more probable than its nonexistence") (internal quotation marks omitted). If the court finds that the defendant committed a violation categorized by the Sentencing Guidelines as a Grade B, the court shall revoke the defendant's supervised release. U.S.S.G. § 7B1.3(a)(1). If the court finds the defendant committed a Grade C violation, the court may revoke the supervised release. U.S.S.G. § 7B1.3(a)(2). A Grade B violation is found where there is conduct constituting a federal or state offense punishable by a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1(a)(2). A Grade C violation exists for conduct constituting either: (1) a federal or state offense punishable by a year or less in prison; or (2) a violation of any other condition of supervision. U.S.S.G. § 7B1.1(a)(3). Theft of property valued at more than $300 but less than $5,000 is a third-degree felony under Florida law and punishable by a term of imprisonment not exceeding five years. Fla. Stat. §§ 812.014(2)(c)1. 775.082(3)(d).

We conclude from the record that the district court did not abuse its

discretion in finding a basis to revoke Rainner's supervised release. Violation Two, which alleged a theft of property exceeding $300 but less than $5,000, constituted a state offense punishable by a term of imprisonment exceeding one year and, as such, represents a Grade B violation. *See* U.S.S.G. § 7B1.1(a)(2), Fla. Stat. §§ 812.014(2)(c)1., 775.082(3)(d). Because Violation Two was a Grade B violation, if the court properly found that Rainner committed Violation Two, then such a finding required the revocation of his supervised release. *See* U.S.S.G. § 7B1.3(a)(1). The court's finding was supported in the record.

The evidence presented at the revocation hearing established that the $2,000 in checks had been cashed in Rainner's name, using his identification. Rhodes left the "pay to the order of" line on both checks blank, believing that the funds would be used for legal work and not to pay Rainner personally. Although Probation Officer Aasterud was not able to provide evidence that Rainner had kept the funds, Rainner failed to produce evidence to support his claim that the funds had gone to pay for legal work for Rhodes. Therefore, the district court's finding that Rainner committed Violation Two was not clearly erroneous. *See Almand*, 992 F.2d at 318; *Trainor*, 376 F.3d at 1331. Although a finding that Violation Two had been committed was sufficient to trigger the court's obligation to revoke Rainner's release, it is worth noting that, assuming Rainner committed Violation Two, he

necessarily committed Violation Four as well, as undisputed evidence showed that Rainner had not reported the $2,000 as income to his probation officer. Alternatively, the court was permitted to exercise its discretion to revoke Rainner's supervised release based on his admission to Violation Five, failing to be truthful when answering the probation officer's inquiries. *See* U.S.S.G. § 7B1.1(a)(3).

*II. Sentencing*

Rainner argues that the district court's belief that he defrauded Rhodes out of the $127,000, despite its findings that a conspiracy had not been proven, was the principle reason for the upward variance imposed by the court. Rainner contends that the court's stated reasons for the variance–the need to reflect the seriousness of the offense and ensure just punishment–reflected, at least in part, its belief that Rainner was guilty of Violation One. Rainner reiterates his argument that Violation One was not proven and, thus, maintains that the court erred by imposing an upward variance based in part on an unproven offense.

"We review the sentence imposed upon the revocation of supervised release for reasonableness." *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). This review is akin to that conducted under an abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir.

2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). In reviewing the reasonableness of a sentence, we conduct a two-step inquiry. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). First, we must ensure that the sentence was procedurally reasonable, meaning the district court (1) properly calculated the guidelines range, (2) treated the guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not rely on clearly erroneous facts, and (5) adequately explained the chosen sentence. *Id.* Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Id.*

The justification for a variance from the guidelines range "must be sufficiently compelling to support the degree of the variance." *Irey*, 612 F.3d at 1186-87 (internal quotation marks omitted). We may not presume that a sentence outside the guidelines is unreasonable and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. at 1187 (internal quotation marks omitted).

"Chapter 7 of the Sentencing Guidelines governs violations of [supervised release] and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation." *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006) (citing U.S.S.G. § 7B1.4). The policy statements

of Chapter 7 are merely advisory and not binding.  *Id.*

We conclude from the record that the district court did not abuse its discretion in varing upward from the suggested guidelines sentence.  Despite the contentions of the parties, a review of the sentencing transcript does not reveal any reason to believe that the court relied on the unproven conspiracy in Violation One as a basis for its sentencing decision, as the court nowhere references the circumstances of that violation in rendering its sentencing decision.  The court's sentence was procedurally sound as it is clear that the court properly calculated the advisory guidelines range, considered the proper evidence and the § 3553(a) factors, and explained its sentence.  *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The court's sentence was also substantively reasonable.  The court particularly emphasized at sentencing its hope that the above-guidelines sentence would serve to promote in Rainner a greater respect for the law and for the seriousness of what he had done.  *See* 18 U.S.C. § 3553(a)(2)(A).  Given the relatedness of Violations Two, Four, and Five to Rainner's original fraud conviction, for which the instant term of supervised release was imposed, the court's finding–that Rainner's continued conduct evinced a lack of respect for the law and an insufficient appreciation for the seriousness of his offenses–was reasonable.  In this case, the 22-month sentence represented a variance from the guidelines range of 4 to 10

months.  However, the degree of the variance, while significant, was justified by the conduct necessitating revocation.  *See Irey*, 612 F.3d at 1186-87.

For the aforementioned reasons, we affirm the district court's revocation of Rainner's supervised release and the sentence it imposed pursuant to that revocation.

**AFFIRMED.**