[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15447
Non-Argument Calendar

_____

D.C. Docket No. 4:95-cr-00123-WTM-GRS-16


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JASON LAMAR CHISOLM,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 11, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Lamar Chisolm appeals his 51-month sentence, which he received

upon revocation of his supervised release pursuant to 18 U.S.C. § 3583(e).  In

1995, Mr. Chisolm was sentenced to 200 months in prison and 60 months of supervised release after pleading guilty to one count of conspiracy to possess with intent to distribute, and distribution of cocaine base and cocaine hydrochloride in violation of 21 U.S.C. 846. In 2012, he admitted to violating the conditions of his supervised release by committing another state crime, possessing a controlled substance and associating with persons engaged in criminal activity.

Mr. Chisolm argues on appeal that his sentence was procedurally unreasonable because the district court incorrectly applied a criminal history category of VI, as calculated for the original underlying offense. Mr. Chisolm asserts that the district court should have corrected this error and applied criminal history category V instead. Mr. Chisolm also contends that, because of the mistaken criminal history categorization, he served more time for the original underlying offense than was appropriate. He argues that, in the instant revocation proceedings, the district court should have considered this excess time in prison as a mitigating factor under 18 U.S.C. § 3553(a), and its failure to do so rendered his 51-month sentence substantively unreasonable.

After reviewing the record and the parties' briefs, we affirm Mr. Chisolm's sentence.

2

## I

"We review the sentence imposed upon the revocation of supervised release for reasonableness." *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). "We review the reasonableness of a sentence under an abuse of discretion standard." *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). "The burden of establishing unreasonableness lies with the party challenging the sentence." *Id.*

## II

In reviewing the reasonableness of a sentence, we must first ensure that the district court committed no significant procedural error, meaning the court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "For sentences imposed upon revocation of supervised release, the recommended sentencing range is based on the classification of the conduct that resulted in the revocation and the criminal history category applicable at the time the defendant originally was sentenced to the term of supervision." *United States v. Campbell*, 473 F.3d 1345, 1348-49 (11th Cir. 2007). *See also* 18 U.S.C. § 3583(e)(3); U.S.S.G. §§ 7B1.1, 7B1.4. The commentary to § 7B1.4 states, in pertinent part, that "[t]he criminal history category is not to be recalculated because

3

the ranges set forth in the Revocation Table have been designed to take into account that the defendant violated supervision." § 7B1.4, cmt. n.1.

Despite the foregoing, Mr. Chisolm nevertheless contends that the district court erred in basing his present sentencing range on the criminal history category applicable to him when he was sentenced for the original underlying charge. He says this was error because that criminal history category was incorrectly calculated. Specifically, he alleges that, at the time of his original sentencing, he was incorrectly classified as a career offender, and this incorrect classification resulted in a criminal history category of VI instead of V.

We find no merit to Mr. Chisolm's claim of procedural error, as we have held that a defendant facing incarceration upon the revocation of supervised release may not challenge the validity of his original sentence during the revocation proceedings. *See United States v. Almand*, 992 F.2d 316, 317-18 (11th Cir. 1993). In *Almand*, the defendant argued that he could not be sentenced following revocation of supervised release because his sentence of supervised release for his original crime was invalid, as he was not present at the time it was imposed. *See id*. We held that challenges to the underlying sentence's validity may be raised only by collateral attack through a separate proceeding. *See id. See also United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005) (holding that a prisoner may not challenge his underlying sentence, "for the first time on appeal from the

4

revocation of supervised release," and instead must bring a motion to vacate under 28 U.S.C. § 2255).  Therefore, unless the underlying sentence has been vacated, the district court should presume it is valid during the revocation proceeding.  *See Almand*, 992 F.2d at 317.

Here, because Mr. Chisolm's challenge to the underlying sentence was not properly before the district court during the revocation proceeding, and it is undisputed that Mr. Chisolm failed to successfully attack his underlying sentence in the eighteen years since it was imposed, the district court correctly presumed that the sentence—and the criminal history category calculation contained therein—was valid.  Accordingly, the district court did not abuse its discretion in applying criminal history category VI.  The court properly calculated the advisory guideline range for imprisonment following revocation of supervised release, and as Mr. Chisolm alleges no other grounds of error in the district court's process, we affirm his sentence as procedurally reasonable.

### III

Having determined that the district court's sentence is procedurally sound, we next review the substantive reasonableness of the sentence.  *See Kuhlman*, 711 F.3d at 1326.  A district court is required to consider the factors set forth in § 3553(a) in order to determine a sentence following revocation of supervised release.  *See* 18 U.S.C. § 3583(e), (e)(3).  Mr. Chisolm contends that his sentence

is substantively unreasonable because the district court failed to meaningfully consider his prolonged time in prison as a mitigating factor under § 3553(a)(1). Specifically, he argues that the criminal history miscalculation prejudiced him by adding approximately 100 months to his initial guideline range, thus requiring him to serve more time in prison for the underlying crime.  Mr. Chisolm contends that the district court failed to give due consideration to this substantial mitigating factor.

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted), and "[w]e ordinarily expect a sentence within the guideline range to be reasonable." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).  Unjustified reliance upon any of the § 3553(a) factors may, however, indicate an unreasonable sentence. *See United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).  An abuse of discretion may also occur when the district court gives an irrelevant factor significant weight, fails to consider a factor that was due significant weight, or commits a clear error of judgment by balancing the proper factors unreasonably. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

On this record, Mr. Chisolm has failed to meet his burden of establishing that his sentence is substantively unreasonable.  The district court's sentence of 51

months represented the lowest point of the applicable guideline range of 51 to 60 months. Moreover, although Mr. Chisolm argues that the district court failed to give due consideration to the mitigating factors under § 3553(a)(1), the court expressly weighed his arguments about his criminal history category in setting the sentence, specifically noting that the 51 month sentence was well within the lower guideline range of 46 to 57 months that Mr. Chisolm argued should have applied. The district court even considered a mitigating factor Mr. Chisolm did not emphasize: his passage of numerous drug tests during his period of supervised release.

The district court may have elected to weigh other factors, like the need for deterrence and the need to protect the public, more heavily, but the decision whether to do so was within its discretion. The record shows that the district court did not commit a clear error in judgment in weighing the factors, nor did it single-mindedly rely on Mr. Chisolm's wrongdoings to the detriment of mitigating factors. Accordingly, we conclude that the district court did not abuse its discretion in considering the factors set forth in § 3553(a), and we find Mr. Chisolm's sentence substantively reasonable.

## IV

Mr. Chisolm's sentence is affirmed.

**AFFIRMED.**