UNITED STATES of America,
Plaintiff–Appellee,

v.

Christopher Alan ALMAND,
Defendant–Appellant.

No. 91–8788.

United States Court of Appeals,
Eleventh Circuit.

June 1, 1993.

Gregory S. Smith, Federal Defender Program, Inc., Atlanta, GA, for defendant-appellant.

Amy Levin Weil, Asst. U.S. Atty., Atlanta, GA, for plaintiff-appellee.

Before KRAVITCH and COX, Circuit Judges, and DYER Senior Circuit Judge.

KRAVITCH, Circuit Judge:

## I.  BACKGROUND

Christopher Almand ("Almand") was indicted with two co-defendants in a four count indictment.  Almand was charged in the first count with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  He also was charged in the fourth count with aiding and abetting in the possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  Almand entered a plea of guilty to Count Four.[1]

On January 22, 1988, Almand was sentenced to five years of imprisonment and was ordered to pay a $50 special assessment.  On May 4, 1988, Almand moved to reduce the sentence.  This motion was denied on June 9, 1988.  In the interim, however, the district court, on May 6, 1988, acting *sua sponte* and without a hearing, amended its original sentence to add a mandatory four-year term of supervised release to follow the five years of

---

1. Almand was charged only in Counts One and Four of the indictment;  the other counts referred to his co-defendants.  It appears that Count One against Almand was dropped in return for his guilty plea to Count Four.

imprisonment.[2] The district court inadvertently had failed to include the supervised release component in the original sentence. The court corrected the error when it entered an amended sentence on May 6, 1988.

Later, pursuant to Fed.R.Crim.P. 35(b), the government moved for a reduction of Almand's sentence because of Almand's substantial cooperation. This motion was granted on May 4, 1989, and the district court reduced Almand's sentence from five years of imprisonment to three years of imprisonment. The four years of supervised release remained intact.

On December 20, 1989, Almand acknowledged the terms of his supervised release which included restrictions on the purchase, possession, use and distribution of controlled substances. Subsequently, during the term of his supervised release, Almand's urine tested positive for THC, an active ingredient of marijuana, on three occasions and for cocaine on one occasion. As a result, Almand's probation officer petitioned the district court to revoke the supervised release. In response to the probation officer's petition, the district court held a revocation hearing and found Almand in "substantial violation of the conditions of his supervised release in several respects, with respect to the positive testing for marijuana and cocaine and with respect to the failure to file the proper notices with his probation officer from time to time." The court revoked Almand's supervised release and sentenced him to sixteen months of imprisonment in accordance with 18 U.S.C. § 3583(g).[3]

In his appeal from the district court's order revoking his supervised release, Almand asserts that his sentence of supervised release was invalid because he was not present at the time it was imposed. The district court had refused to address that argument because the court determined that it lacked jurisdiction to consider it at the revocation

hearing. Appellant also challenges the finding of the district court that Almand had possessed drugs during his supervised release in violation of 18 U.S.C. § 3583(g).

## II. ANALYSIS

### A. The Allegedly Invalid Sentence

Almand argues that the mandatory supervised release term was imposed invalidly and that the district court erred in refusing to address the issue. We hold that the district court correctly declined to consider the claim because it was improperly raised at the revocation hearing.

■■■ The former Fifth Circuit addressed a comparable problem in *United States v. Francischine*, 512 F.2d 827, 828 (5th Cir.), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975).[4] In *Francischine*, the court was faced with a defendant who, as a defense to a probation revocation proceeding, claimed that the underlying conviction was invalid. *Id.* The court held that "the underlying validity of a conviction cannot be asserted as a defense in a probation revocation proceeding, that the conviction's validity may be collaterally attacked only in a separate proceeding under 28 U.S.C.A. § 2255, and that a district court has jurisdiction to consider a petition for revocation of probation as if the underlying conviction were unquestioned, until such time as the conviction has been judicially set aside." *Id.* We believe that the reasoning of *Francischine* may be applied with equal vigor to the instant case. A sentence is presumed valid until vacated under § 2255. *See Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir.1991) (The *exclusive* remedy for individuals challenging the validity of a sentence is 28 U.S.C. § 2255.); *Carnine v. United States*, 974 F.2d 924 (7th Cir.1992); *United States v. Roman*, 989 F.2d 1117 (11th Cir.1993) (*en banc*). Almand's claim that the imposition of the supervised release term was invalid fails because it was

---

2. This was a pre-Sentencing Guidelines case.

3. 18 U.S.C. § 3583(g) states that "[i]f the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one third of the term of supervised release."

4. The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

brought improperly; we need not and do not reach the merits of that claim.

### B. "Possession" of a Controlled Substance

 One of the reasons given by the district court for revoking Almand's supervised release was that his urine tested positive for marijuana and cocaine. The government claims that this was sufficient to terminate Almand's supervised release pursuant to 18 U.S.C. § 3583(g). Appellant argues that the fact that the urinalysis showed that Almand "used" the drugs does not *necessarily* mean that he was in "possession" of the drugs in violation of § 3583(g). *United States v. Blackston*, 940 F.2d 877, 883–91 (3d Cir. 1991). In particular, Almand asserts that the district court erroneously believed that use must equal possession. In contrast, the government argues that even assuming *arguendo* that the district court did believe that use must equal possession, there would be no error because use does equal possession for the purposes of § 3583(g).

Upon an examination of the record, we conclude that there is no indication that the district court believed it was required to equate use with possession. The district court reviewed the evidence and exercised its factfinding power. The court determined that Almand was in violation of the terms of his supervised release. "A district court's findings of fact are binding on this court unless clearly erroneous." *United States v. Granderson*, 969 F.2d 980, 982 (11th Cir. 1992), *citing United States v. Forbes*, 888 F.2d 752, 754 (11th Cir.1989). Moreover, the Sentencing Commission left to the district court "the determination of whether evidence of drug usage established solely by laboratory analysis constitutes 'possession of a controlled substance' as set forth in 18 U.S.C. §§ 3565(a) and 3583(g)." U.S.S.G. § 7B1.4, application note 5.[5] We have no reason to question the validity of the district court's finding and thus affirm the district court's revocation of the supervised release.[6]

AFFIRMED.

---

**5.** The Eleventh Circuit previously addressed the issue of use and possession in *Granderson*. The *Granderson* case involved a revocation of probation under 18 U.S.C. § 3565(a). Nevertheless, the analysis is applicable because 18 U.S.C. § 3565(a) and 18 U.S.C. § 3583(g) are essentially the same—one applying to probation and the other to supervised release. *See* U.S.S.G. § 7B1.4 application note 5. In *Granderson*, the court determined that use need not equal possession; rather it is left to the determination of the district court.

**6.** Furthermore, the district court in the instant case explicitly based its revocation of the supervised release on Almand's violation of reporting requirements as well as the controlled substance violation. Almand does not contest that finding of fact on appeal. Thus, regardless of our holding on the use and possession issue, the district court's revocation of the supervised release would be correct because it also was authorized under 18 U.S.C. § 3583(e)(3). 18 U.S.C. § 3583(e)(3) reads in pertinent part that a district court may revoke a term of supervised release "if it finds by a preponderance of the evidence that the person violated a condition of supervised release."