[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-14187
Non-Argument Calendar

_____

D. C. Docket No. 96-00477-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH S. TRAVERS,
a.k.a. LARRY THOMAS

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 26, 2008)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

On May 20, 1999, appellant, having been convicted by a jury on seven

counts of mail fraud, eight counts of bankruptcy fraud, one count of equity skimming, and eleven counts of money laundering, was sentenced by the district court to concurrent prison sentences of seventy-eight months on the money laundering counts and sixty months on the mail fraud and bankruptcy fraud counts and to a three-year term of supervised release. Included in the sentencing package was an order requiring appellant to pay restitution to the Veterans Administration and the Department of Housing and Urban Development in the total sum of $571,049.

On November 10, 2005, after appellant had been released from prison, the probation officer monitoring his term of supervised release petitioned the district court to revoke his supervised release on the ground that he had failed to comply with conditions of his release, in that (1) he filed false monthly reports, (2) answered untruthfully the probation officer's inquiries, and (3) failed to make required restitution payments. The court referred the matter to a magistrate judge, who held an evidentiary hearing at which the probation officer, a deputy district court clerk, appellant and his wife testified. See magistrate judge's Report and Recommendation ("R&R"). The judge credited the testimony of the probation officer and the deputy clerk, found appellant's testimony false "in all material respects, " and concluded that appellant had "violated each of the three conditions

of supervised release set-forth in the [petition for revocation.]. Id. The district court affirmed and adopted the R&R , revoked appellant's supervised release, sentenced appellant to prison for three months, and imposed a new thirty-three months term of supervised release. Appellant now appeals.

Appellant asks us to set aside the court's judgment on the ground that there was no evidence that he intentionally violated the conditions of supervised release; in fact, the evidence was that he made a good faith attempt to comply with those conditions. Citing his own testimony and that of his wife, he contends that (1) it is uncontroverted that he purchased money orders to make all of his restitution payments; (2) he made additional payments when he learned that all of his money orders had not been received by the court clerk's office; and (3) he did not bring his account current merely to avoid an adverse decision in his revocation proceeding. Put another way, the magistrate judge had no basis for discrediting his testimony.

A district court's revocation of supervised release is reviewed for an abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). A court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the person violated a condition of supervised release." United States v. Almand, 992 F.2d 316, 318 n.6 (11th Cir. 1993) (quotation omitted); see also

United States v. Robinson, 893 F.2d 1244, 1245 (11th Cir. 1990) (holding that in a probation revocation proceeding, "all that is required is that the evidence reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of the probation; evidence that would establish guilt beyond a reasonable doubt is not required" (quotation omitted)). Moreover, "[a] district court's findings of fact are binding on this [C]ourt unless clearly erroneous." Almand, 992 F.2d at 318 (quotation omitted).

The magistrate judge found appellant's testimony unworthy of belief. The evidence fully supported that finding, and the district court properly adopted it. Appellant violated the conditions of his supervised release. The judgment of the district court is, accordingly,

AFFIRMED.