[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15709
Non-Argument Calendar
_____

D. C. Docket No. 98-14003-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER R. BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 22, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Christopher R. Brown appeals his sentence of 24 months' imprisonment,

imposed after the district court revoked his supervised release, pursuant to 18 U.S.C. § 3583(e)(3). After review, we affirm.

## I. BACKGROUND

In 1998, Brown was convicted of possession with intent to distribute crack cocaine and served a 110-month prison sentence. The terms of his supervised release mandated that Brown "not commit any federal, state or local crimes" and imposed a special condition that he maintain "full-time, legitimate employment" and not be unemployed for more than thirty days without permission.

Following his release on January 27, 2007, Brown's probation officer petitioned for revocation of his supervised release, alleging, inter alia, that Brown had failed to maintain full-time employment and remained unemployed for more than thirty days. A superseding petition alleged that Brown also violated Florida law by possessing and selling cocaine.

At an evidentiary hearing, the government presented testimony of Detective Michael Dilks with the Sheriff's Office in Indian River County. Dilks testified that, during a narcotics investigation, a confidential informant ("CI") arranged a controlled buy with a drug dealer named "Mook."[1] Dilks showed the CI a photograph of defendant Brown, and the CI identified him as "Mook." Dilks

---

[1]Dilks named and identified the CI, but we do not refer to him by name.

surreptitiously watched as a blue four-door car driven by a black male arrived and the CI walked to the vehicle and conducted a hand-to-hand exchange. The CI returned to Dilks with crack cocaine.[2] The government also presented testimony from Brown's probation officer that Brown had been unemployed for the majority of his supervised release.

The magistrate judge issued a report ("R&R") recommending that Brown's supervised release be revoked because the government had shown by a preponderance of the evidence that Brown was unemployed for over thirty days and had sold cocaine. The R&R concluded that Dilks's hearsay testimony about the CI's identification of Brown as the "Mook" who sold him the cocaine was reliable, noting that there was independent corroboration. The R&R identified the following evidence establishing Brown as "Mook": (1) the CI identified his drug source as "Mook," (2) Dilks testified that Brown was known in the area as "Mook," (3) Brown's PSI referenced "Mook" as Brown's street name, (4) the CI identified Brown from a photograph, and (5) Dilks personally witnessed the phone call and the controlled buy. The R&R also noted that video surveillance showed a blue car, and Brown was known to drive a blue four-door car. The R&R noted the

_____

[2]Dilks also testified that a surveillance team followed the blue car, conducted a traffic stop and positively identified Brown as the driver. However, the magistrate judge found this portion of Dilks's testimony too vague and uncorroborated to be reliable and did not rely on it.

3

CI's criminal history, but concluded that these past convictions did not outweigh the reliability of the CI's identification. The R&R also found that the government had shown that Brown failed to maintain employment and was unemployed for at least thirty days.

Brown filed an objection to the R&R, arguing that Dilks's hearsay testimony that the CI had identified the drug dealer "Mook" as defendant Brown was unreliable. Over Brown's objection, the district court adopted the R&R and found that Brown had violated his supervised release terms. The district court sentenced Brown to 24 months' imprisonment.

Brown timely appealed.

## II. DISCUSSION

A district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute . . . if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3).[3] Although the Federal Rules of Evidence do not apply in revocation of supervised release proceedings, defendants "are entitled to certain minimal due

---

[3]We review a district court's revocation of supervised release for abuse of discretion. United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994). The district court's findings of fact made at a revocation hearing are reviewed for clear error. United States v. Almand, 992 F.3d 316, 318 (11th Cir. 1993).

process requirements," and "the admissibility of hearsay is not automatic." Frazier, 26 F.3d at 114. In deciding whether to admit hearsay testimony, the district court must (1) conduct a balancing test between "the defendant's right to confront adverse witnesses" and "the grounds asserted by the government for denying confrontation," and (2) determine whether the hearsay statement is reliable. Id.

On appeal, Brown argues that Dilks's hearsay testimony as to the CI's identification of Brown was unreliable.[4] Brown emphasizes the CI's prior criminal history and the fact that Dilks's testimony changed regarding whether he showed the CI Brown's driver's license photograph or some other photograph.

However, the CI's identification of Brown was supported by independent corroborating evidence. Dilks witnessed the CI place a phone call to a drug dealer named "Mook" and arrange a drug deal and then witnessed the CI conduct a hand-to-hand exchange for crack cocaine with a black male driving a blue, four-door car. Brown's PSI established that Brown had used the alias "Mook." Brown's probation officer testified that Brown sometimes drove a blue, four-door car

---

[4]We decline to address Brown's alternative arguments, raised on appeal for the first time in his reply brief and never raised in the district court, that the district court (1) erred by failing to inquire as to why the CI was unable to testify, and (2) violated his Sixth Amendment confrontation rights under Crawford v. Washington, 541 U.S. 36, 124 S. Ct. 1354 (2004), by admitting the CI's out-of-court identification. See United States v. Britt, 437 F.3d 1103, 1104 (11th Cir. 2006) (declining to address issues not raised in the initial brief).

matching the description of the car Dilks saw during the controlled buy.

Given this corroborating evidence, the district court did not abuse its discretion in concluding that Dilks's hearsay testimony identifying Brown was reliable and finding that Brown violated his supervised release by selling crack cocaine.

**AFFIRMED.**