[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

No. 11-12492
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00291-WS-M-1


UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

versus

CHARLES RHOULDS POWE,

 Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 16, 2011)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Powe appeals the district court's judgment revoking his supervised release, contending that the evidence presented at the revocation hearing was insufficient to sustain the court's finding that he had violated the conditions of his supervised release.

I.

In 2006 Powe pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was convicted and sentenced to 24 months imprisonment. The district court also imposed a 3-year term of supervised release, and the conditions of that supervised release prohibited Powe from committing another federal, state, or local crime or illegally possessing a controlled substance. Powe's term of supervised release began on May 9, 2008, and was scheduled to expire on May 8, 2011.

On March 23, 2011, police in Prichard, Alabama, arrested Powe for the crimes of unlawful distribution and possession of a controlled substance. Powe's probation officer then filed a petition for the revocation of his supervised release. In response the district court issued a warrant ordering Powe to appear before the court and answer the probation officer's allegations that he had violated the conditions of his supervised release by (1) committing the crimes of unlawful distribution and possession of a controlled substance and (2) illegally possessing a controlled

substance.

At the revocation hearing, the district court found that Powe had violated the conditions of his supervised release. The court revoked his supervised release and sentenced him to 24 months imprisonment. This appeal followed.

II.

The district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of that release. 18 U.S.C. § 3583(e)(3). The court must revoke a defendant's supervised release if the court finds that the defendant violated the specific condition prohibiting the illegal possession of a controlled substance. Id. § 3583(g)(1).

We review for abuse of discretion a district court's judgment revoking a defendant's supervised release. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). We review for clear error the district court's findings of fact at a revocation hearing, United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993), and will reverse only if the record lacks substantial evidence to support those findings. See United States v. Robertson, 493 F.3d 1322, 1330 (11th Cir. 2007).

Substantial evidence presented at the revocation hearing supports the district court's finding that Powe violated the conditions of his supervised release. Jerrail Ramsey, a police officer involved in Powe's arrest, testified that an undercover police

officer, wired for audio, purchased crack cocaine from a drug dealer. As that drug dealer approached the undercover officer's truck, that officer described the drug dealer as an African–American male wearing dark bluejeans, a white t-shirt, a blue cap with a red bib, and a silver chain with a big cross. Shortly after the drug transaction, police officers arrested Powe. Powe is an African–American male, and he was arrested wearing dark bluejeans, a white t-shirt, a blue cap with a red bib, and a silver chain with a big cross. Police also found crack cocaine on Powe's person. Later, the undercover officer identified Powe as the drug dealer from whom he had purchased the crack cocaine. Although the undercover officer did not testify at the revocation hearing, reliable hearsay is admissible at a revocation hearing. See United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994).

**AFFRIMED.**