[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15510
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 9:10-tp-80003-DMM-1,
9:10-tp-80041-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILIP FURINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Philip Furino appeals the district court's revocation of his supervised release

and his resulting term of imprisonment. He argues that there was insufficient

evidence to establish that he violated the conditions of his supervised release. After a thorough review, we affirm.

In 1992, Furino was convicted of conspiracy to distribute cocaine and sentenced to 210 months' imprisonment and 5 years of supervised release. While serving his sentence, Furino was charged with and pleaded guilty to possession with intent to distribute marijuana and possession of marijuana while an inmate. He was sentenced to six months' imprisonment to run consecutively to the prior sentence and three years of supervised release.[1] Furino completed his prison terms in 2009 and his period of supervised release commenced.

On July 27, 2010, Furino tested positive for cocaine use. He later signed an admission-of-drug-use form, admitting that he smoked incense through a crack pipe. In December 2010, Furino was arrested for violating the terms of his supervised release. The probation officer identified seven violations, including the use of cocaine (violation 1) and possession with intent to sell prescription pills (violation 2).

Furino admitted all but violations 1 and 2. At the revocation hearing, the district court heard evidence that Furino had tested positive for cocaine. Probation

---

[1] The judgment and conviction did not specify whether the supervised release term was to run concurrently with, or consecutive to, the five-year term Furino already faced.

Officer Peggy Bates testified that Furino had tested positive for marijuana on two previous occasions but that the probation office treated these violations with drug counseling. Bates explained that after the positive drug test on July 27, Furino told her that he had smoked an herbal blend called "Mr. Nice Guy" using someone else's pipe. He described the pipe as a glass pipe with a bowl in it. Furino denied using cocaine and stated that "unbeknown to me the person used crack a few days earlier and the residue caused me to show positive for cocaine."

Martin Bigenho, the probation officer assistant who conducted Furino's drug screening, testified that Furino tested positive for cocaine. He admitted that it was possible for a person to test positive by smoking incense through someone else's crack pipe. He explained that the screening test could not distinguish between someone who smoked a little cocaine the night before and someone who had smoked a lot of cocaine a week earlier.

The government then presented evidence of violation 2, specifically that police conducting a traffic stop found numerous pill bottles in the car. The bottles were in Furino's and other peoples' names. Police also found a notebook with names and amounts listed, along with the words "meth" and "blue," which an officer testified was a nickname for oxycodone.

Furino did not testify at the revocation hearing. Counsel argued that there was insufficient evidence to establish the violations of supervised release. The district court found that Furino violated the terms of his release, as evidenced by the positive drug test. The court then stated that the more serious violation was violation 2, the sale of prescription pills, and the evidence was sufficient to establish that violation as well. The court then sentenced Furino to 36 months' imprisonment. This is Furino's appeal.

We review the district court's revocation of supervised release for an abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). Even if the district court commits an error, the sentence should be affirmed if the error was harmless. *United States v. Mathenia*, 409 F.3d 1289, 1291–92 (11th Cir. 2005). "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." *Id.* at 1292 (quotations and alteration omitted). We may affirm on any adequate ground, regardless of whether it is one on which the district court relied. *United States v. Samaniego*, 345 F.3d 1280, 1283 (11th Cir. 2003).

A district court may revoke a term of supervised if it "finds by a preponderance of the evidence that the defendant violated a condition of

supervised release." 18 U.S.C. § 3583(e)(3). A district court's findings made at a revocation proceeding are binding unless clearly erroneous. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). "The credibility of a witness is in the province of the factfinder and we will not ordinarily review its determination of credibility." *United States v. Brown*, 415 F.3d 1257, 1267 (11th Cir. 2005) (citation omitted).

Here, the district court did not clearly err in finding that Furino violated the terms of his release. The urinalysis test unequivocally demonstrated that Furino ingested cocaine, thus establishing violation 1. The court rejected Furino's assertion that he did not know about the cocaine, finding that it was unlikely that he ingested cocaine by smoking incense through a pipe that, unbeknownst to him, had cocaine residue inside. We generally will not review the district court's credibility determinations. *See Brown*, 415 F.3d at 1267.

Even if the district court erred with regard to violation 1, the court properly revoked Furino's supervised release based on his other violations. The court noted that violation 2 was the more serious offense, and the court based the 36-month sentence on its finding that Furino had possessed with intent to sell prescription pills and on his long history of drug convictions. Although Furino challenged the allegations of violation 2 during the revocation proceedings, he

does not do so now.  Thus, he has abandoned this issue.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).  Nevertheless, the court's comments regarding violation 2 indicated that this violation was the basis for the court's belief that 36 months was an appropriate sentence.

Accordingly, we affirm the district court's revocation of supervised release and the sentence imposed upon revocation.

**AFFIRMED.**