[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15434
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-tp-20079-KMM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 10, 2012)


Before EDMONDSON, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Tomas Rodriguez appeals the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e). The district court found that Rodriguez violated the conditions of his supervised release by (1) committing identity theft in violation of 18 U.S.C. § 1028; (2) failing to notify the probation office of a change in employment which involved obtaining a second job at 1-800-WeAnswer; and (3) associating with Riyadh Nagi, a convicted felon.[1] A district court may revoke a term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3).

We review for abuse of discretion a district court's judgment revoking a defendant's supervised release. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). We review a district court's findings of fact for clear error. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). Rodriguez first argues that this reporting requirement was ambiguous and did not clearly apply to "additional employment." We disagree. Rodriguez was on notice that, as a condition of supervised release, he had to report "any change in

---

[1] Conditions of supervised release included the following: (1) "The defendant shall not commit another federal, state or local crime"; (2) "the defendant shall notify the probation officer at least ten days prior to any change in residence or employment"; and (3) "the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer." (*Id*. at 4).

residence or employment." A plain reading of this supervised release condition suggests that "any change" is broad enough to apply to the circumstances in this case, where a defendant obtains employment additional to any previously reported employment.

Rodriguez also argues that the district court erred in considering hearsay evidence as a basis for finding that he engaged in identity theft. At the revocation hearing, it was alleged that Rodriguez used his new place of employment, 1-800-WeAnswer, to obtain the personal information of an elderly gentleman, Bernard Greenberg. It was further alleged that Rodriguez and Nagi opened a QVC Shopping Network ("QVC") account using Greenberg's name and social security number, and made purchases under this account.

The government introduced documentation indicating that Greenberg's medical information, which included Greenberg's name, address, phone number, date of birth, and social security number, was accessed by Rodriguez on March 31, 2010. Nagi provided a written statement to law enforcement, in which he wrote that Rodriguez had informed Nagi he was in the medical billing field and had access to personal information, that Rodriguez provided that information, and that

Nagi and Rodriguez filled out an application for a QVC card.[2]  The defense objected to the introduction of this statement on hearsay grounds, and because it was not "sworn," but the magistrate judge overruled the objection.

Finally, Michael Kennedy, a detective with the Broward County Sheriff's Office, testified at the hearing that he had conducted surveillance on Nagi at a Dunkin' Donuts on June 28, 2010, and that Rodriguez was present with Nagi at the Dunkin' Donuts.  During a search of Nagi's garbage on June 24, 2010, Kennedy found several QVC packing slips Greenberg's name.  Kennedy contacted Greenberg who told Kennedy that he had not ordered any items from QVC. Greenberg later received a bill from QVC, which was sent to his residence.

The magistrate judge found by a preponderance of the evidence that Rodriguez had committed identity theft, in violation of 18 U.S.C. § 1028(a)(7), based on the following circumstantial evidence: (1) Rodriguez accessed Greenberg's information; (2) a QVC account was opened in Greenberg's name; (3) someone made unauthorized purchases on the QVC card; (4) QVC packaging materials in Greenberg's name were found in Nagi's trash during a "trash pull"; and (5) Rodriguez and Nagi were seen four days after the trash pull at a Dunkin'

---

[2] Nagi later pled nolo contendere to the identity theft charge in his own supervised release revocation proceedings.

Donuts on Nagi's laptop computer.

Although the Federal Rules of Evidence do not apply in the context of a supervised release revocation hearing, hearsay statements must be reliable. In deciding whether to admit hearsay testimony of an absent witness, the district court must (1) make findings that the hearsay was reliable; and (2) "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994). Rodriguez argues that the magistrate erred by relying on Nagi's hearsay statements in finding that Rodriguez committed identity theft because these statements were hearsay and Rodriguez was not given an opportunity to confront Nagi and cross-examine him. Indeed, it was error for the magistrate to fail to make findings as to the reliability of the admitted hearsay or to conduct the *Frazier* balancing test. However, such error was harmless because other, properly considered circumstantial evidence was sufficient to support the court's conclusion that Rodriguez committed the crime of identity theft while on supervised release by a preponderance of the evidence. Further, we hold that the court properly found that Rodriguez was required, and failed, to report his additional employment, and that he was associating with a convicted felon in violation of his supervised release. Accordingly, the district court did not abuse

its discretion by revoking Rodriguez's supervised release.

**AFFIRMED.**