[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13291
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-00398-WCO-ECS-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

JULIO RAMIREZ-RAMIREZ,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 9, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Julio Ramirez-Ramirez ("Ramirez") appeals his sentence of 24 months' imprisonment, imposed after the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e).  Ramirez raises two issues on appeal.  First, he argues his sentence was procedurally unreasonable because it exceeded the statutory maximum sentence available upon revocation of a class E felony, and his original indictment failed to allege the facts necessary to support a conviction for a class C felony under 8 U.S.C. § 1326.  Second, he contends his sentence was substantively unreasonable because it was excessive in light of the applicable 18 U.S.C. § 3553(a) factors.  Upon review, we affirm.[1]

We conclude Ramirez's claim for procedural unreasonableness fails because a defendant facing incarceration upon the revocation of supervised release may not challenge the validity of his original sentence during the revocation proceedings. *See United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005) ("[A] defendant may not challenge, for the first time on appeal from the revocation of supervised release, his sentence for the underlying offense."); *United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993) ("A sentence is presumed valid until vacated under [28 U.S.C.] § 2255.").

---

[1]  We review Ramirez's procedural unreasonableness claim for plain error because he did not raise it in district court.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  We review the sentence imposed upon the revocation of supervised release for reasonableness, *id.*, applying a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007).

We also hold Ramirez's sentence was not substantively unreasonable because the district court imposed it after properly considering the relevant 18 U.S.C. § 3553(a) factors, including the need for deterrence.  *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." (quotation omitted)).   The district court acted well within its discretion in fashioning the 24-month sentence.

For the foregoing reasons, we affirm Ramirez's sentence.

**AFFIRMED.**