**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Biagio Anthony MENTO, Defendant–Appellant.**

**No. 15–12785**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 3, 2016.

John C. Shipley, Assistant U.S. Attorney, Wifredo A. Ferrer, Emily M. Sma-

chetti, U.S. Attorney's Office, Miami, FL, Diana Margarita Acosta, Courtney L. Coker, U.S. Attorney's Office, Fort Lauderdale, FL, for Plaintiff–Appellee.

Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, Fletcher Peacock, Federal Public Defender's Office, Fort Pierce, FL, for Defendant–Appellant.

Before WILSON, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Biagio Anthony Mento appeals the district court's revocation of his supervised release. The district court's decision was partly based on its finding that Mento violated the conditions of his release by: (1) dealing in stolen property, in violation of Florida Statutes § 812.019, and (2) fraudulently verifying ownership to a secondhand dealer, in violation of Florida Statutes § 538.04.[1] Mento now challenges the district court's revocation, solely arguing that the court erred because the Government did not prove by a preponderance of the evidence that he broke Florida law.[2] After carefully considering the record and the parties' briefs, we affirm.

We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir.2008) (per curiam). We defer to the factual findings made by a district court in reaching such a decision unless those findings are clearly erroneous. *See United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). A district court may revoke a defendant's term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his release. *See* 18 U.S.C. § 3583(e)(3). One of the conditions of Mento's supervised release was that he refrain from breaking state law.

Here, the district court did not err in finding that Mento violated a condition of his supervised release by infringing Florida Statutes §§ 812.019 and 538.04. Florida Statutes § 812.019 makes it a felony to sell property that one knows or should know has been the subject of any criminally wrongful taking. *See* Fla. Stat. § 812.019(1) ("Any person who traffics in ... property that he or she knows or should know was stolen shall be guilty of a felony of the second degree...."); Fla. Stat. § 812.012(8) (defining trafficking to include selling); Fla. Stat. § 812.012(7) (defining "stolen property" as "property that has been the subject of any criminally wrongful taking"). And, under Florida Statutes § 538.04, it is a felony to "knowingly give[ ] false verification of ownership" when selling goods to a secondhand dealer. *See* Fla. Stat. § 538.04(4). A preponderance of the evidence demonstrated that Mento committed both of these offenses.

Following an evidentiary hearing, the district court determined that: (1) a third party authorized Mento to possess a diamond ring for the sole purpose of delivering the ring to a former girlfriend of the third party; (2) the third party did not

---

1. The district court also concluded that Mento did not meet the terms of his release because he failed to notify his probation officer within 72 hours of being arrested or questioned by law enforcement. However, Mento does not challenge this determination on appeal.

2. Notably, Mento does not contest the district court's finding that the violations at issue, if proven, warrant revocation.

give Mento legal title to the ring, nor did the third party authorize Mento to sell the ring; (3) instead of giving the ring to the third party's former girlfriend, Mento sold the ring to a secondhand dealer for several thousand dollars; (4) Mento knew he did not have authority to sell the ring; (5) in selling the ring, Mento intended to permanently deprive the third party of the ring; and (6) Mento certified to the secondhand dealer that he fully owned the ring. These factual findings were supported by documentary evidence from the secondhand dealer, as well as testimony from the third party, the third party's former girlfriend, and an investigating officer who interviewed Mento. In light of such evidence, the findings were not clearly erroneous, and we must defer to them. *See Almand,* 992 F.2d at 318.

The district court's factual findings provide ample support for its conclusion that Mento violated Florida Statutes §§ 812.019 and 538.04. First, by selling a ring that he knew he did not have legal authority to sell, Mento knowingly sold property that was subject to a criminally wrongful taking.[3] *See* Fla. Stat. §§ 812.019, 812.012(7), 812.012(8). Second, Mento "knowingly provided false verification of ownership" of the ring during the sale to the secondhand dealer when he certified to the dealer that he owned the ring. *See* Fla. Stat. § 538.04. Accordingly, the district court did not err in determining that Mento violated Florida Statutes §§ 812.019 and 538.04, and we cannot con-

clude that the court abused its discretion in revoking his supervised release.

**AFFIRMED.**

---

3. Mento argues that the ring was not subject to any criminally wrongful "taking" because he did not unlawfully take the ring from the third party—rather, the third party simply gave him the ring, subject to certain conditions. However, this argument is without merit. As the district court concluded, the ring was subjected to a wrongful criminal taking when Mento formed the intent to permanently deprive the third party of it. *See Isenhour v. State,* 952 So.2d 1216, 1221 (Fla.

Dist.Ct.App.2007) ("[R]egardless of how the property is acquired, *if* the defendant has the requisite intent, he is guilty of the crime of theft." (quoting *Brewer v. State,* 413 So.2d 1217, 1219 (Fla.Dist.Ct.App.1982))). That is to say, once Mento formed such intent and undertook efforts to sell the ring to the secondhand dealer, he exercised unlawful ownership over the ring, thereby depriving the third party of legal possession. *See Isenhour,* 952 So.2d at 1221.