[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11726
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00508-HLM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN WOODARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 27, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Calvin Woodard appeals the district court's revocation of his term of supervised release. On appeal, Woodard argues that the district court clearly erred in finding that the government had proven that he committed a robbery and aggravated assault while on supervised release by a preponderance of the evidence because the victim's identification of him was unreliable. Upon review of the record and consideration of the parties' briefs, we affirm.

We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). We are bound by the district court's factual findings unless they are clearly erroneous. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). Clear error review is deferential, and we "will not disturb a district court's findings unless we are left with a definite and firm conviction that a mistake has been committed." *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010) (quotations omitted). The choice between different reasonable constructions of the evidence cannot be clearly erroneous. *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012). Determining the credibility of a witness is left to the factfinder, and we will not ordinarily review the determination that a witness is credible unless no reasonable factfinder could accept the testimony. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002).

The Government presented sufficient evidence to prove by a preponderance of the evidence that Woodard committed a robbery and aggravated assault while on supervised release.  The district court was entitled to credit the testimony of Lindsey, who spoke at close range with the robbers and later identified Woodard in a photo line-up and in the courtroom, and of Detective Rosser.  *See Ramirez-Chilel*, 289 F.3d at 749.  Although Lindsey initially incorrectly recollected that he had identified one of the robbers in the first line-up and then identified the same person a second time, his testimony was not "so inconsistent or improbable on its face that no reasonable factfinder could accept it."  *Id.* (quotation omitted).  Accordingly, the district court did not clearly err in finding that Woodard had committed the October 2013 robbery and aggravated assault and revoking Woodard's supervised release, in part, on the basis of that finding.

   **AFFIRMED.**