[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10410
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00233-ODE-RGV-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERNON MARCUS COLEMAN,
a.k.a. Wu,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 3, 2019)

Before WILLIAM PRYOR, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Vernon Coleman appeals the second revocation of his supervised release and his sentence of 24 months of imprisonment. Coleman challenges the denial of his motions to dismiss and to suppress evidence, the sufficiency of the evidence, and the denial of his motion to recuse. Coleman also challenges the substantive reasonableness of his sentence. We affirm.

The district court did not abuse its discretion by summarily denying Coleman's motion to dismiss his revocation proceeding. Coleman sought dismissal on the ground that the petition for his arrest warrant failed to provide probable cause by stating that he possessed heroin when he actually possessed N-Ethylpentylone. But Coleman failed to make a "substantial preliminary showing" that the probation officer misidentified the drug deliberately or with reckless disregard for the truth. *See United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006). The probation officer learned from transportation security officers that they seized plastic bags containing white powder from Coleman and Jade Chung and that the substance in Chung's bag tested positive for heroin. *See Franks v. Delaware*, 438 U.S. 154, 165 (1975) ("information put forth [is truthful if it] is believed or appropriately accepted by the affiant as true" and does not have to "necessarily [be] correct"). After the probation officer learned that Coleman's bag contained N-Ethylpentylone, the officer amended Coleman's petition to charge him for possessing that substance. The probation officer's mistake, or at worst, his

2

negligence, in alleging that Coleman possessed heroin was insufficient to warrant an evidentiary hearing on the veracity of his arrest warrant. *See id.* at 171 ("Allegations of negligence or innocent mistake are insufficient.").

The district court also did not abuse its discretion when it denied Coleman's motion to suppress. Coleman argues that a firearm and marijuana seized from his car and incriminating information discovered on a cellular telephone inside his hotel room should have been excluded as fruit of the poisonous tree of an invalid arrest warrant, but we need not decide that issue for the first time here. The district court ruled that probable cause existed to arrest Coleman for violating the conditions of his supervised release based on reasonably trustworthy information that he also had traveled outside the judicial district and had associated with a person engaged in criminal activity, *see Craig v. Singletary*, 127 F.3d 1030, 1042 (11th Cir. 1997), and Coleman does not challenge that ruling. Furthermore, even if the arrest warrant had been invalid, the evidence was admissible. Coleman agreed to submit to searches "of his person, property, residence and/or vehicle" as a condition of his supervised release and officers had reasonable suspicion to search his car and his hotel room after a police canine detected drugs inside Coleman's vehicle. *See United States v. Knights*, 534 U.S. 112, 118–22 (2001) (holding that a "warrantless search . . ., supported by reasonable suspicion and authorized by a condition of probation, was reasonable . . . [under] the Fourth Amendment").

No abuse of discretion occurred when the district court denied Coleman's motion to dismiss his revocation proceeding based on an allegedly invalid condition of supervised release. A defendant must challenge the conditions of his supervised release at sentencing or by moving for relief from his sentence. *United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993). Coleman's attempt to invalidate the condition that he obtain permission to travel "fail[ed] because it was brought improperly." *Id.* at 317–18.

The district court did not abuse its discretion by revoking Coleman's supervised release. The district court had the authority to "revoke [Coleman's] term of supervised release . . . and require [him] to serve in prison all or part of the term of supervised release authorized by statute . . . after find[ing] by a preponderance of the evidence that [he] violated a condition of supervised release . . . ." 18 U.S.C. § 3583(e)(3). The district court found that it was more likely than not that Coleman committed the six offenses charged in the amended petition to revoke his supervised release. *See United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004).

The record supports the findings that, on July 10, 2018, Coleman traveled outside the Northern District of Georgia without permission, he associated with a person engaged in criminal activity, he committed a new crime in Michigan by possessing N-Ethylpentylone, and he possessed that illegal drug. A surveillance

video recording and testimony from two transportation security officers established that Coleman accompanied Chung through an airport in Detroit while they were carrying about $79,000 and that after officers discovered Chung in possession of heroin, Coleman removed from his pants a plastic bag of N-Ethylpentylone. *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002) (deferring to credibility findings of the district court). Coleman's conclusory argument that "N-Ethylpentylone was not a controlled substance" fails to establish the district court clearly erred by finding that the drug qualified as a controlled substance analogue prohibited under federal law and Michigan law. *See Almand*, 992 F.2d at 318 (applying clear error review).

The record also supports the finding that, on August 21, 2018, Coleman, a felon, possessed a firearm and marijuana. Officer James Reynells of the Sandy Springs Police Department testified that, after he discovered a loaded gun in the gap between Coleman's driver's seat and the center console and some "green leafy material" in the floorboard, Officer Michael Dewald seized from Coleman a roll of cash bundled with a key card for a hotel room. Officer Dewald stated that the hotel room emitted an odor of marijuana as soon as Chung opened the front door; that he could see from the doorway drug paraphernalia sitting on the nightstand; and that he discovered a money counter inside a dresser and more than $7,000 in cash hidden between the mattress and box spring of the bed. Officer Dewald also stated

5

that he seized several cellular telephones in the room, one of which had a video of Coleman and Chung inside the room snorting what appeared to be cocaine while in view of the gun discovered in Coleman's car.

The district court did not abuse its discretion by refusing to recuse. Recusal is warranted only if "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Coleman argues that the district judge's participation in his guilty plea proceeding, in his first revocation hearing, and in the issuance of his arrest warrant created an appearance of partiality, *see* 28 U.S.C. § 455(a), but the district judge's familiarity with Coleman's criminal history provided no reason for her to recuse from his second revocation proceeding, *see Christo*, 223 F.3d at 1334.

We also cannot say that the district court abused its discretion by sentencing Coleman to 24 months of imprisonment after revoking his supervised release a second time for drug-related activities. Coleman continued to reoffend, despite serving 87 months in prison for conspiring to possess with intent to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1), and serving 18 months in prison following the first revocation of his supervised release for driving under the influence of alcohol and possessing marijuana. The district court reasonably determined that a sentence within Coleman's recommended guideline range of 4 to 10 months

imprisonment was "wholly unacceptable" and would not satisfy the statutory purposes of sentencing. *See* 18 U.S.C. §§ 3583(e), 3553(a). As the district court stated, Coleman required a longer sentence to punish his "consistent pattern of ignoring the conditions" of his supervised release and to account for his lack of "respect for the law," for the "danger[] [he posed] to himself or others" by possessing "a loaded weapon," and for his "continue[d] . . . work with Ms. Chung in illegal activities." Coleman's sentence, which is well below his maximum statutory sentence of 42 months of imprisonment, is reasonable.

We **AFFIRM** the revocation of Coleman's supervised release.