[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  19-14021
Non-Argument Calendar
_____

D.C. Docket No. 6:09-cr-00028-LGW-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES HAGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 12, 2020)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Charles Hagins appeals the revocation of his supervised release and argues

that the district court erred by: (i) allowing hearsay statements to be introduced at

his revocation hearing without properly balancing his rights to cross-examine and confront adverse witnesses with the government's grounds for denying such rights; and (ii) not suppressing statements of his made during a police interview that did not cease once he requested counsel.  Accordingly, he contends that the Counts 4 and 5[1] of the probation office's allegations should be vacated.  The government has moved for summary reversal and vacatur of Counts 4 and 5 of the probation office's allegations.  It states that when preparing its brief on the merits, it learned that a summary report of a recorded interview—which was the hearsay evidence—was incomplete and inaccurate in significant ways that were not realized by either party and thus not addressed during the proceedings below in determining whether the hearsay evidence was reliable. Based on this evidence, the government argues that because the district court was unaware of inaccuracies in and omissions from the hearsay statements, its assessment was not as inclusive or accurate as it should have been.  The government agrees that the hearsay statements were not reliable as presented during the revocation hearing and that their admission was in error.  The government avers that it plans on dismissing Counts 4 and 5 upon remand to the district court.

---

[1] Hagins admitted to Counts 1 through 3 and 6 of the probation office's allegations, and he does not contest them on appeal.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review the district court's determination that a defendant violated the terms of his supervised release for an abuse of discretion. *United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994). A district court's findings of fact in a revocation hearing are reviewed for clear error. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). Clear error is present when we are left with a definite and firm conviction that a mistake has been committed. *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005). "Where a fact pattern gives rise to two reasonable and different constructions, the factfinder's choice between them cannot be clearly erroneous." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (quotation marks omitted).

The Federal Rules of Evidence do not apply in supervised-release revocation proceedings; thus, hearsay statements may be admissible, provided certain minimal due-process requirements are met. *United States v. Frazier*, 26 F.3d 110, 113-14 (11th Cir. 1994). To comply with due process requirements, generally, before

3

admitting hearsay testimony, the district court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation. *Id.* at 114. A defendant has a due process right not to have his supervised release revoked based on false or unreliable evidence. *Id.* "If admission of hearsay evidence has violated due process, the defendant bears the burden of showing that the court explicitly relied on the information . . . and (1) that the challenged evidence is materially false or unreliable, and (2) that it actually served as the basis for the sentence." *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991) (quotation marks omitted).

We grant the government's motion for summary reversal and vacate the judgment and Counts 4 and 5 of the probation office's allegations. Based on the government's averments in its motion for summary reversal, the district court was deprived of critical information in determining the reliability of hearsay statements that it allowed to be admitted, and the hearsay statements were unreliable. The government relied heavily on these unreliable hearsay statements to prove the allegations against Hagins, and therefore, Hagins's due process rights were violated. *Frazier*, 26 F.3d at 114. Furthermore, the use of the hearsay statements was not harmless, as the government heavily relied on them.

Accordingly, we GRANT the government's motion or summary reversal, vacate the judgment and Counts 4 and 5 of the probation office's allegations

4

against Hagins, and remand for further proceedings.[2]  We DENY as moot the

government's motion to stay the briefing schedule.

---

[2] In light of this, and the fact that the government attested that it plans on dismissing Counts 4 and 5 upon remand, we do not need to address Hagins's argument that the district court erred in not suppressing his statements made during a police interview.