[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11880

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LANCE LAMAR LUCAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:19-cr-00290-JB-MU-1

_____

Before ROSENBAUM, GRANT, and EDMONDSON, Circuit Judges.


PER CURIAM:


Lance Lamar Lucas appeals the district court's revocation of his supervised release and his resulting 24-month sentence. On appeal, Lucas (1) challenges the sufficiency of the evidence supporting the district court's determination that Lucas violated the conditions of his supervised release; and (2) challenges the procedural reasonableness of his sentence. No reversible error has been shown; we affirm.

In 2019, Lucas pleaded guilty to possession of a firearm while under a restraining order, in violation of 18 U.S.C. § 922(g)(8). Lucas was sentenced to 15 months' imprisonment, followed by 3 years' supervised release.

Lucas's supervised release began on 4 January 2021. In March 2021, Lucas's probation officer petitioned the district court to revoke Lucas's supervised release. In the petition, the probation officer alleged that Lucas had violated his supervised release by committing these new crimes under Alabama law: (1) domestic violence by strangulation or suffocation, (2) interference with a domestic-violence emergency call, (3) resisting arrest, and (4) third-degree domestic violence through second-degree criminal mischief. Briefly stated, the petition alleged that these new offenses

stemmed from a 3 March 2021 argument between Lucas and Lucas's then-girlfriend (Young) during which Lucas slammed Young to the ground and attempted to strangle Young with his hands. The petition also alleged that Lucas violated his supervised-release conditions by failing to notify his probation officer ten days prior to changing his residence.[1]

At the revocation hearing, the district court heard testimony from Lucas's probation officer, from Young, and from Lucas. The probation officer also submitted into evidence photographs of injuries Young sustained during her altercation with Lucas: photographs that depicted bruising, redness, and swelling on Young's neck and face. The district court found the evidence of Lucas's violations "compelling" and "credible." The district court concluded that Lucas had violated the conditions of his supervised release by committing the alleged domestic-violence offenses and by failing to provide proper notice of his change of residence. The district court thus revoked Lucas's supervised release and sentenced Lucas to 24 months' imprisonment, followed by 12 months' supervised release. The district court ordered Lucas's federal sentence to run

---

[1] The petition also alleged a violation of the supervised-release condition prohibiting excessive alcohol use and/or use of a controlled substance. The district court, however, found no violation.

4                          Opinion of the Court                    21-11880

consecutive to any state-imposed sentences for state convictions or probation violations arising from the 3 March incident.[2]

A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a supervised-release condition. 18 U.S.C. § 3583(e); *United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). The district court may then impose a term of imprisonment after considering the sentencing factors identified in section 3583(e). *Id*.

We review the district court's revocation of supervised release for abuse of discretion. *See United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). We review the district court's findings of fact for clear error. *See United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). Under this standard, we will find clear error only if we are "left with a definite and firm conviction that a mistake has been committed." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012). "Where a fact pattern gives rise to two reasonable and different constructions, the factfinder's choice between them cannot be clearly erroneous." *Id*. (quotations omitted).

---

[2] According to the Presentence Investigation Report, Lucas has three prior Alabama convictions for domestic violence: two 2015 convictions for third-degree domestic violence and harassment and a 2016 conviction for domestic violence through strangulation/suffocation. For his 2016 conviction, Lucas was sentenced to eight years' imprisonment. That sentence, however, was split to allow Lucas to serve one year in prison and five years' probation. As a result of the 3 March 2021 incident with Young, the state court revoked Lucas's state probation and sentenced Lucas to seven years' imprisonment.

We review for reasonableness a sentence imposed upon revocation of supervised release. *See United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).

As an initial matter, we reject Lucas's argument challenging the sufficiency of the evidence supporting his change-of-residence violation. At the revocation hearing, Lucas testified that -- because he had moved in with Young only temporarily -- he did not realize that he needed to inform his probation officer about his living situation. Lucas, however, conceded his failure to notify his probation officer that he was staying at his girlfriend's house constituted a violation of his supervised-release conditions. The district court thus committed no clear error in finding that Lucas committed the change-of-residence violation.

Lucas contends that no credible or reliable evidence supported the district court's finding that Lucas committed the alleged domestic-violence offenses. We disagree. At the revocation hearing, Young testified that she and Lucas got into an argument after Lucas accused Young of being unfaithful. Young testified that -- during the course of the argument -- Lucas told Young that he was going to kill her, knocked Young to the ground, and repeatedly choked Young. When Young reached for her cell phone to call 911, Lucas grabbed the phone and destroyed it. Young's testimony was corroborated by photographs showing extensive bruising, swelling, and burst blood vessels on Young's neck and face.

Lucas offered conflicting testimony about his argument with Young. According to Lucas, Lucas grabbed Young's neck

briefly in an attempt to stop Young from biting his arm, but never attempted to strangle her. Lucas also testified that Young's cell phone broke when Young threw the phone on the ground.

On appeal, Lucas contends the district court committed clear error by relying upon Young's testimony in finding that Lucas committed a domestic-violence offense: testimony Lucas says consisted of lies and inconsistencies and, thus, was unreliable. In support of his argument, Lucas points to inconsistencies between Young's hearing testimony and Young's earlier statements to the police about the number of times Lucas choked her during the argument, whether Lucas struck Young in the face, and whether Lucas damaged Young's phone.

Lucas raised these same challenges to Young's credibility in the district court. The district court, however, found Young's testimony "credible." After hearing and seeing personally Lucas's and Young's testimony and demeanor about the pertinent events, the district court was in the best position to assess the credibility of these witnesses. See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses."). Because Young's testimony was not "so inconsistent or improbable on its face that no reasonable factfinder could accept it," we will accept the district court's credibility determination. See id. That the district court credited Young's version of the events over the competing version

presented by Lucas is no clear error. *See Almedina*, 686 F.3d at 1315.

On this record, sufficient evidence existed for the district court to find, by a preponderance of the evidence, that Lucas violated the terms of his supervised release by committing the alleged domestic-violence offenses. The district court abused no discretion in revoking Lucas's supervised release.

In challenging the procedural reasonableness of his sentence, Lucas reiterates his argument that the district court relied erroneously on false and unreliable evidence. For the reasons we have already explained, we reject this argument.

AFFIRMED.