[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13641

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID GOODMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-tp-20032-MGC-1

_____

Before ROSENBAUM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

David Goodman appeals his 33 months' sentence imposed by the district court upon revocation of supervised release. On appeal, he argues that, during the revocation hearing, the district court failed to address his objection that his criminal history category should have been IV, rather than V, based on an inconsistency between two of the paragraphs in the presentence investigation report ("PSI") from his original sentencing. For the following reasons, we affirm.

## I.

We review the sentence imposed upon the revocation of supervised release for reasonableness. *United States v. Velasquez Velasquez,* 524 F.3d 1248, 1252 (11th Cir. 2008). We review the reasonableness of a sentence under an abuse of discretion standard. *United States v. Kuhlman,* 711 F.3d 1321, 1326 (11th Cir. 2013). The burden of establishing unreasonableness lies with the party challenging the sentence. *Id.*

"A 'non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, "or had but very slight effect.""" *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) (alterations adopted) (quoting *United States v. Hornaday*, 392 F.3d 1306, 1315–16 (11th Cir. 2004)).

## II.

"The criminal history category [for a guideline range based on a violation of supervised release] is the category applicable at the time the defendant was originally sentenced to a term of supervision." U.S.S.G. § 7B1.4 cmt. n.1. "The criminal history category is not to be recalculated [except in] the rare case in which no criminal history category was determined when the defendant originally was sentenced." *Id.*

Similarly, we have held that a defendant facing incarceration upon the revocation of supervised release may not challenge the validity of his original sentence during the revocation proceedings. *United States v. Almand,* 992 F.2d 316, 317–18 (11th Cir. 1993). Instead, such challenges may be raised only by collateral attack through a separate proceeding. *Id.* at 317.

Here, even if the district court committed the procedural error of failing to address Goodman's objection, that error was harmless. The district court could not recalculate Goodman's original criminal history category based on this new objection to how that category was determined. Indeed, U.S.S.G. § 7B1.4(a) required that the district court use "the category determined at the time the defendant originally was sentenced to the term of supervision," which here was a category of V. Accordingly, we affirm.

**AFFIRMED.**