[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12063
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00140-JRH-WLB-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS LAVERT SHUBERT,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(January 15, 2016)

Before HULL, MARCUS, and EDMONDSON, Circuit Judges.


PER CURIAM:


Travis Shubert appeals the revocation of his supervised release and his resulting 42-month sentence. The district court concluded, in pertinent part, that Shubert violated the conditions of his supervised release by committing a new crime.[1] On appeal, Shubert (1) challenges the sufficiency of the evidence supporting the district court's determination that he committed a drug-trafficking offense; and (2) challenges the substantive reasonableness of his sentence. No reversible error has been shown; we affirm.

We review the district court's revocation of supervised release for abuse of discretion. United States v. Copeland, 20 F.3d 412, 413 (11th Cir. 1994). We review the district court's findings of fact for clear error. United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993). A violation of a condition of supervised release must be proved by a preponderance of the evidence. United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).

Sufficient evidence exists for the district court to find, by a preponderance of the evidence, that Shubert violated the terms of his supervised release by

---

[1] Shubert does not challenge the district court's conclusion that he violated the conditions of his supervised release by failing to notify his probation officer before moving his residence and by failing three drug tests.

2

committing a new drug-trafficking offense.  At the revocation hearing, Officer Ridley testified that, to search a house, he obtained a search warrant based in part on two controlled purchases of drugs from Shubert at the house.  During the search of the house, Shubert was detained in a room where powder cocaine, crack cocaine, and digital scales were found in plain view.  Officer Ridley also testified that Shubert had been the subject of a recent domestic-violence investigation at the house.  During a later search of a second location, officers found drug paraphernalia, $37,000 in cash, and a photograph of Shubert and one of Shubert's friends flashing large amounts of money.

Shubert testified.  Although Shubert's testimony conflicted with that of Officer Ridley, the district court found Officer Ridley's testimony to be more credible.  Because Officer Ridley's testimony was not "so inconsistent or improbable on its face that no reasonable factfinder could accept it," we accept the district court's credibility determination.  See United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) ("Credibility determinations are typically the province of the fact finder because the fact finder personally observes the testimony and is thus in a better position than a reviewing court to assess the credibility of witnesses.").  In the light of the evidence of Shubert's involvement in a drug-trafficking offense, the district court abused no discretion in revoking Shubert's supervised release.  See 18 U.S.C. § 3583(g)(1) (mandating revocation

when a defendant possesses a controlled substance in violation of his supervised release conditions).

We review the reasonableness of a final sentence under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 591 (2007). The party challenging the reasonableness of the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors.[2] United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)." Id.

Shubert has failed to demonstrate that his sentence is substantively unreasonable. First, Shubert's 42-month sentence was within the guidelines range of between 37 and 46 months' imprisonment; we ordinarily expect such a sentence to be reasonable. See id.

The evidence demonstrates that, only a few months after Shubert completed his term of imprisonment and began his term of supervised release, he committed a new drug-trafficking offense and continued to use drugs himself. In the light of the nature of Shubert's offense and Shubert's history and characteristics, we accept that a 42-month sentence could be reasonably thought to be necessary, among

---

[2] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

other things, to deter Shubert from further criminal activity and to protect the public from future crimes.

We reject Shubert's argument that the district court abused its discretion by giving insufficient weight to Shubert's mitigating evidence. The district court has considerable discretion in weighing the section 3553(a) factors. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). The district court is not required to discuss each section 3553(a) factor individually; that the district court said expressly that it considered the section 3553(a) factors in determining Shubert's sentence was sufficient. See United States v. Garza-Mendez, 735 F.3d 1284, 1290 (11th Cir. 2013). We are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See id. We see no abuse of discretion; we affirm Shubert's sentence.

AFFIRMED.