[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-14562
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20047-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO SAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 3, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ricardo Sam appeals the revocation of his supervised release and the resulting sentence of 24 months. The district court found Ricardo[1] committed three violations of the terms of his supervised release, revoked his release, and imposed sentence. Ricardo argues the district court abused its discretion in finding two of those violations. Ricardo also argues the 24-month sentence—the maximum allowed by statute—was procedurally and substantively unreasonable.

## I.

In 2009, Ricardo pleaded guilty to one count of conspiracy to commit access device fraud and one count of aggravated identity theft. He had been arrested for using stolen credit card account numbers to buy products and gift cards at a Target in North Miami Beach. The district court sentenced Ricardo to 25-months imprisonment and three years of supervised release, and ordered him to pay $13,100.68 in restitution.

In April 2016, the U.S. probation office filed a petition in district court alleging Ricardo had violated his supervised release by: (1) failing to pay restitution; (2) violating the law; and (3) associating with a person engaged in

---

[1] Both Ricardo Sam and his brother, Barry Sam, will be discussed in this opinion. For clarity, we will refer to both brothers by their first names.

2

criminal activity.[2]  Ricardo's supervised release had already been revoked twice before.

On June 14, 2016, the district court held an evidentiary hearing on the petition.  At the hearing, Officer Lino Diaz testified first.  He said Detective Craig Catlin gave him the description of a car connected with possible fraud at a Target in North Miami Beach.  Officer Diaz stopped the car for illegal windshield tinting.  Ricardo was the driver of the car, while Official Coffey and Barry Sam were passengers.  Officer Diaz noticed two iPad boxes in the car, and asked Ricardo about them.  Ricardo said he bought them a week earlier at Target and threw out the receipt.  Officer Diaz next spoke with Coffey.  Coffey told him they were just at Target and he bought the two iPads there that day.  He also gave Officer Diaz the credit card he used to buy the iPads.  Officer Diaz called Detective Catlin who checked the number and determined the card was a fake.

Then, Detective Catlin testified.  He said he watched Target's video surveillance and saw Coffey and Barry at the counter buying two iPads.  Ricardo was in the store but never at the counter.  At one point, Ricardo walked past Coffey and Barry and said something, but Ricardo did not buy anything himself.

---

[2] Probation also alleged Ricardo was in violation of the conditions of his supervised release by possessing credit cards and failing to timely notify his probation officer of contact with law enforcement.  The district court found Ricardo not guilty of these violations.

The district court first found Ricardo admitted to failing to pay restitution in violation of the terms of his supervised release.  The court then found the government proved by a preponderance of the evidence that Ricardo violated Florida Statute § 817.034(4)(a)(3) by assisting in a scheme to defraud and obtain property.  In support of this finding, the court noted that Ricardo was in the store throughout the purchase and then in the car, and that Ricardo lied to Officer Diaz when he said the iPads were his.  The district court also found Ricardo associated with Coffey during his criminal activity of using fake credit cards to purchase the iPads.

The district court calculated the guidelines range to be 4 to 10 months.  The government asked the court to sentence Ricardo to 10-months imprisonment.  In considering the sentencing factors under 18 U.S.C. § 3553(a), the court included "the need for the sentence imposed to reflect just how serious these violations are, to promote respect for the law and provide just punishment."  It also found Ricardo "was previously sentenced by this Court for the same type of transaction at the same store."  The court further said:

> [Ricardo] is again found in a car with people with fraudulent credit cards who have purchased iPads and iPad minis at a Target store. He's present in video at the time that at least the attempted purchase is made.  He states to the police officer that those are his iPad minis.

4

The district court then sentenced Ricardo to the statutory maximum of 24 months with one year of supervised release.  Ricardo then asked for 48 hours to file objections, but never filed those objections.

## II.

### A.

A district court may revoke a term of supervised release if it "finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release."  18 U.S.C. § 3583(e)(3).  We review a district court's revocation of supervised release for an abuse of discretion.  United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam).  So we will reverse a revocation of supervised release only if the court made a clear error of judgment or applied a wrong legal standard.  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004).

We review the court's findings of fact for clear error.  United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).  "Where a fact pattern gives rise to two reasonable and different constructions, the factfinder's choice between them cannot be clearly erroneous."  United States v. Almedina, 686 F.3d 1312, 1315 (11th Cir. 2012) (quotation omitted).

Ricardo argues the district court abused its discretion in finding he violated the terms of his supervised release.  Specifically, he says the court clearly erred in

5

finding that he violated the law and that he associated with others who were violating the law.

The district court did not abuse its discretion in finding Ricardo violated the terms of his supervised release. First, Ricardo admitted to not paying his restitution. Second, under Fla. Stat. § 817.034(4)(a)(3) a "person who engages in a scheme to defraud and obtains property" under $20,000 in value is guilty of a third-degree felony. The district court did not clearly err in finding that Ricardo was in the store during the fraudulent purchase; drove the car with his brother, Coffey, and the iPads after the fraudulent purchase; and lied to police when questioned about the iPads. This is a reasonable view of the testimony and evidence presented at the hearing. See Almedina, 686 F.3d at 1315. On this record, the district court did not clearly err in finding that Ricardo participated in the scheme, and thus violated Florida law by a preponderance of the evidence. Third, based on the finding that Ricardo engaged in an illegal scheme with his brother and Coffey, the court did not err in finding that Ricardo associated with people engaged in criminal conduct. Therefore, the court did not abuse its discretion in finding Ricardo violated the terms of his supervised release.

## B.

Ricardo next argues the district court imposed a sentence that was procedurally and substantively unreasonable. "We review the sentence imposed

6

upon the revocation of supervised release for reasonableness." Velasquez

Velasquez, 524 F.3d at 1252.  We first review whether the district court made

procedural errors in sentencing the defendant and then review "whether the

sentence is substantively reasonable under the totality of the circumstances."

United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  Two procedural

requirements of sentencing are that the district court "must properly calculate the

Guidelines range and include an explanation for any deviation from the Guidelines

range."  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008) (quotation

omitted and alteration adopted).  We review a procedural-error argument raised for

the first time on appeal for plain error.  United States v. Vandergrift, 754 F.3d

1303, 1307 (11th Cir. 2014).

Ricardo's arguments on procedural reasonableness are (1) the district court

improperly relied on his arrest and did not find by a preponderance of the evidence

that he violated the conditions of his supervised release; and (2) the district court

did not properly explain its decision to sentence him above the guidelines range.

We already concluded the district court did not clearly err in finding violations of

Ricardo's supervised release.  And the district court explained its decision to

sentence Ricardo above the guidelines range—noting the nature and circumstances

of the violation; Ricardo's history and characteristics; the need for adequate

7

deterrence; and the similarity between Ricardo's underlying offense and these violations.  Thus, the district court did not make a procedural error.[3]

Ricardo also argues his sentence is substantively unreasonable.  He says the court improperly relied on its findings that Ricardo violated Florida law and associated with others engaged in criminal activity.  But these findings were not clearly erroneous, and Ricardo offers no other argument for why it was unreasonable for the court to rely on them.  The court's explanation—considering the relevant 3553(a) factors and that Ricardo's underlying offense was "for the same type of transaction at the same store"—was not substantively unreasonable under the totality of the circumstances.  See Tome, 611 F.3d at 1379 (holding a 24-month sentence was reasonable where, among other considerations, Tome's violations of supervised release "involve[d] conduct related to his underlying conviction").

**AFFIRMED.**

---

[3] In sentencing Ricardo, the court considered 18 U.S.C. § 3553(a)(2)(A)—"the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  Section 3583(e) does not include this factor in the list of § 3553(a) factors it instructs courts to consider when revoking a term of supervised release.  However, Ricardo did not object to procedural reasonableness in the district court.  And we have held the court's consideration of § 3553(a)(2)(A) at a revocation sentencing hearing is not plain error.  Vandergrift, 754 F.3d at 1308–09.