[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11195
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00199-KD-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OZZIE THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(February 5, 2019)

Before WILSON, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Ozzie Thomas appeals the district court's decision to impose a 24-month, within-guidelines sentence for violating the terms of his supervised release.  At his revocation hearing, the district court found that he had violated the conditions of his release by sexually assaulting a woman, SR, at their apartment complex that serves elderly and disabled individuals, in violation of § 13A-6-66 of the Code of Alabama.[1]

On appeal, Thomas contends that the district court (1) improperly imposed the "new model search condition" as a condition of his supervised release; (2) violated both Federal Rule of Criminal Procedure 32.1(b)(2)(C) and *United States v. Frazier,* 26 F.3d 110 (11th Cir. 1994), by admitting a hearsay statement from a non-testifying witness; (3) relied on insufficient evidence to revoke his term of supervised release; and (4) imposed a substantively unreasonable sentence.  We agree with his first contention, but disagree with the rest.  Accordingly, we affirm in part and remand in part.

## I

Thomas first challenges the imposition of the model search condition.  The district court stated that, upon his release from custody, Thomas would again be

---

[1] The statute proscribes "Sexual abuse in the first degree," defined as either "(1) subject[ing] another person to sexual contact by forcible compulsion; or . . . subject[ing] another person to sexual contact who is incapable of consent by reason of being physically helpless or mentally incapacitated."  ALA. CODE § 13A-6-66 (a)(1)–(2) (1975).  Thomas was charged with sexual contact by forcible compulsion.

subject to a term of supervised release.  At the end of Thomas's revocation hearing—and immediately before recessing—the district court stated that Thomas's probation officer could search his property and person "[u]pon reasonable suspicion that [he] violated [his] conditions of release."

Here, the parties agree that the district court did not validly impose the model search condition.  In imposing a sentence—including a term of supervised release—"the district court must give the parties an opportunity to object to the court's ultimate findings of fact, conclusions of law, and the manner in which the sentence is pronounced, and must elicit a full articulation of the grounds upon which any objection is based."  *United States v. Campbell*, 473 F.3d 1345, 1347 (11th Cir. 2007) (citing *United States v. Jones*, 899 F.2d 1097, 1102 (11th Cir. 1990), *overruled on other grounds by United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993)).  The Government concedes that the district court "did not give Thomas an opportunity to respond to the imposition of [the] new condition . . . by objection or other means."  Indeed, the district court agreed to impose the condition at the very end of the revocation hearing without asking for objections from Thomas's attorney.  This is plainly inadequate under *Jones*.  *See id.* at 1348 (noting that, "[i]n applying the *Jones* rule, this court has held that when the district court merely asks if there is 'anything further?' or 'anything else?' and neither

3

party responds with objections, then the court has failed to elicit fully articulated objections and has therefore violated *Jones*").

Though it is clear that the district court erred,  we agree with the Government that we need not vacate the entire judgment here.  "[W]hen a district court fails to elicit objections after imposing a sentence, we normally vacate the sentence and remand to the district court to give the parties an opportunity to present their objections."  *Id.* at 1347.  Accordingly, we remand in part to allow the district court to elicit any objections from Thomas on the conditions of his supervised release and to decide, in the face of those objections, whether to impose the model search condition.

## II

Next, Thomas claims that the court erred by admitting into evidence a written statement made by a non-testifying witness, FM.  In a revocation hearing, a defendant is entitled to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear."  Fed. R. Crim. P. 32.1(b)(2)(C).  "[T]he right to confront and cross-examine adverse witnesses," we have held, is among the "minimal due process" protections that defendants must receive in a revocation proceeding.  *Frazier*, 26 F.3d at 114 (citations omitted).

Even though the Federal Rules of Evidence are inapplicable in revocation proceedings, "the admissibility of hearsay is not automatic."  *Id.*  Rather, the

4

district court must both ensure that the statement is reliable and "balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* (citing *United States v. Penn*, 721 F.2d 762, 764 (11th Cir. 1983)). The failure to conduct that balancing constitutes a denial of due process. *Id.*

Even if we assume, as we did in *Frazier*, that the district court violated Thomas's due process rights here by failing to perform the requisite balancing, we must nonetheless affirm if we conclude that its error was harmless. "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a). To show reversible error, a defendant bears the heavy burden of showing that "the court *explicitly* relied on the information" in reaching its decision. *United States v. Taylor*, 931 F.2d 842, 847 (11th Cir. 1991). Doing so requires that the defendant show that the statement is "materially false or unreliable" and "that it actually served as the basis for the sentence." *Id.*

Thomas has failed to meet that burden here, and we thus hold that the error was harmless. FM's short statement that SR told Thomas to stop touching her, to which Thomas replied "[y]ou know you want it," is unlikely to have been "the basis" for the district court's decision. That is so because three witnesses—including SR herself—provided both written statements and live testimony to corroborate the accusations against Thomas. SR testified that Thomas grabbed her

arm, "put his hand down [her] clothes," and groped her twice, despite her protestation. Additionally, SS—who knew Thomas from church and witnessed the assault—similarly testified that Thomas put his hands "[d]own [SR's] blouse" without her consent. She further testified that Thomas tried to go into SR's apartment because he was "trying to rape [SR]." RH, moreover, testified that SR came into her office "wailing" because Thomas "had forcefully put his hand down [SR's] shirt."

In short, Thomas has failed to show that FM's out-of-court statement was a factor, much less the outcome-determinative factor, in the district court's decision. *See Frazier*, 26 F.3d at 114 (finding harmless error "because the properly considered evidence overwhelmingly demonstrated that [the defendant] breached the terms of his supervised release"). Because the district court's error did not affect Thomas's substantial rights, we hold that it did not reversibly err by admitting FM's statements.

## III

Thomas also argues that insufficient evidence supports the district court's decision to revoke his term of supervised release. A district court may do so if it finds, by a preponderance of the evidence, that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). Our review is highly deferential, as the district court's findings of fact are binding unless "clearly erroneous." *United*

*States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).  Further, we generally will not question a district court's assessment of the credibility of witnesses unless a witness's testimony is "unbelievable on its face."  *United States v. Ramirez-Chilel,* 289 F.3d 744, 749 (11th Cir. 2002) (citing *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985)).

Here, we cannot say that the district court's determination that Thomas sexually assaulted SR is clearly erroneous.  As discussed above, the written statements and live testimony of SR, SS, and RH all support the district court's finding that Thomas committed the assault.[2]  The district court did not clearly err in finding that this testimony outweighed that of Thomas's significant other that Thomas's ailments caused him to be so sexually dysfunctional that he has "no need to stimulate himself."  We therefore reject Thomas's argument that insufficient evidence supports the district court's decision.

## IV

Finally, Thomas argues that his "statutory maximum prison sentence is substantively unreasonable."  We review substantive reasonableness under the abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and

---

[2] It is true, as Thomas highlights in his brief, that both SR and SS occasionally referred to him as "Arthur," even though "there is no record of his ever having used the alias or nickname 'Arthur.'"  The likelihood of misidentification is low, however, given that SR and SS both identified Thomas as the culprit in court.  Any remaining uncertainty is further dispelled by the fact that SS knew Thomas from their church.  Their testimony was not rendered "unbelievable" because they referred to Thomas by another name.  *Ramirez-Chilel*, 289 F.3d at 749.

Thomas bears the burden of showing that his sentence is unreasonable "in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We will find an abuse of discretion only if "we are left with the definite and firm conviction" that the district court "(1) fail[ed] to afford consideration to relevant factors that were due significant weight, (2) g[ave] significant weight to an improper or irrelevant factor, or (3) commit[ed] a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotations omitted). Under 18 U.S.C. § 3583(e), a district court may revoke a term of supervised release and impose a term of imprisonment after considering relevant § 3553(a) factors.[3] We "ordinarily expect[]" within-guidelines sentences to be reasonable, *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015), and we recognize that the circumstances of each case will yield a range of reasonable sentences. *Irey*, 612 F.3d at 1190.

Thomas argues that his sentence is substantively unreasonable in two respects. He contends that the district court failed to comply with the parsimony clause of 18 U.S.C. § 3553(a) because a "24-month prison sentence was greater than necessary to comply with the purposes of sentencing." Separately, he argues

---

[3] District courts need not consider "the kinds of sentences available," § 3553(a)(3), or the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," § 3553(a)(2)(A). § 3583(e).

that the district court gave undue weight to his criminal history and neglected to consider his "serious medical conditions that require constant care," including the possibility that his dialysis treatments "may have affected his behavior on the day of the alleged assault."  Neither argument is persuasive.

Thomas has failed to show that his 24-month, within-guidelines sentence is outside the acceptable "range of choice[s] for the district court."  *Irey*, 612 F.3d at 1189.  The district court made clear that it made its decision after considering the fact that Thomas has a "lifetime of criminal history" that includes, among other crimes, burglary, illegal possession of a firearm, battery, and resisting arrest.  This is permissible, as § 3583(e) provides that district courts may consider, pursuant to § 3553(a)(1), "the nature and circumstance[] of the offense and the history and characteristics of the defendant" in its sentencing calculus.  The district court—in deciding not to vary downward from the statutory maximum—did not abuse its discretion by instead determining that the seriousness of Thomas's crime and his lengthy criminal history should "magnify . . . the punishment to ensue."  *Gall*, 552 U.S. at 52.

Thomas's contention that the district court gave undue weight to his criminal history and insufficient weight to his medical problems is similarly unpersuasive. A sentencing court—though it must consider all applicable § 3553(a) factors—is "permitted to attach 'great weight' to one factor over others."  *United States v.*

9

*Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).  Moreover, we will not presume that the district court neglected to consider his medical history merely because the district court did not explicitly respond to his argument at his hearing.  "The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009) (quotations omitted).  "At bottom, the sentencing judge need only set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1964 (2018) (quotations omitted).  The district court did so here.

Based on the foregoing, we hold that Thomas's sentence is substantively reasonable.

## V

Save for the district court's imposition of the model search condition, we affirm Thomas's sentence.  We remand in part to allow the district court to hear Thomas's objections on the conditions of his supervised release.

**AFFIRMED IN PART AND REMANDED IN PART.**