[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10980
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00006-JB-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TARENCE DONYAE MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 29, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Tarence Mitchell appeals the district court's order revoking his supervised release after it found that he had committed second-degree assault under Alabama law and possessed a firearm, all in violation of the conditions of his supervised release. On appeal, Mitchell argues that the court abused its discretion in revoking his supervised release because its findings that he committed second-degree assault and possessed a firearm during a fight are not supported by a preponderance of the evidence. Mitchell argues that one witness's unbiased testimony at the revocation hearing showed that he did not have a weapon when he arrived at the scene, that the shooting victim was the instigator, and that he fired the gun into the ground to prevent injury, such that the victim's injuries were accidental.

We review the revocation of supervised release for an abuse of discretion, *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014), and we will not overturn a district court's factual findings unless they are clearly erroneous, *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015). A finding is clearly erroneous when we are "left with a definite and firm conviction that a mistake has been committed." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012) (citation omitted). When faced with conflicting

2

testimony, we typically defer to the credibility determinations of the district court because the district court "personally observes the testimony and is thus in a better position than the reviewing court to assess the credibility of witnesses." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that he violated the conditions of his supervised release. 18 U.S.C. § 3583(e)(3); *see also United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (explaining that preponderance of the evidence means more likely true than not).

Second-degree assault can occur in Alabama when a person (1) causes serious physical injury to another with the intent to do so; (2) causes physical injury to another by means of a deadly weapon with the intent to do so; or (3) recklessly causes physical injury to another with a deadly weapon. Ala. Code § 13A-6-21(a); *see also id.* § 13A-1-2(7) (defining deadly weapon to include a firearm). Alabama "law infers from the use of a deadly weapon an intent to kill or to do grievous bodily harm." *Fulghum v. State*, 277 So. 2d 886, 890 (Ala. 1973). A person acts recklessly when he "is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists." Ala. Code § 13A-2-2(3).

Both federal and Alabama law prohibit a felon from possessing a firearm. 18 U.S.C. § 922(g)(1); Ala. Code § 13A-11-72(a). Possession can be actual or constructive, the latter of which occurs when a defendant has the power and intention to exercise dominion or control over the firearm. *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011); *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004). In limited circumstances, self-defense may be a valid defense to a felon-in-possession charge. *United States v. Vereen*, 920 F.3d 1300, 1310-11 (11th Cir. 2019) (stating that, among other things, to establish a necessity defense to a § 922(g)(1) charge, a defendant must show that he "did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct" (citation omitted)); *Diggs v. State*, 168 So. 3d 156, 162 (Ala. Crim. App. 2014).

Here, the district court did not abuse its discretion in revoking Mitchell's supervised release. First, the court did not clearly err in finding that Mitchell had committed second-degree assault under Alabama law. *See Almedina*, 686 F.3d at 1315. Because the district court was confronted with conflicting testimony, we typically defer to its credibility determinations. *See Ramirez-Chilel*, 289 F.3d at 789. As the district court noted, even fully crediting Mitchell's own testimony, the facts still support its ruling. Mitchell admitted to purposefully firing the gun near the victim, consciously disregarding the risk that he could injure the victim by

4

discharging the gun so close to him. *See Fulghum*, 277 So. 2d at 890; Ala. Code §§ 13A-2-2(3), 13A-6-21(a)(3). Thus, even if the shooting was purely accidental, as Mitchell argues, his actions, combined with the injuries to the victim, constituted assault, as charged in the petition. *See* Ala. Code §§ 13A-2-2(3), 13A-6-21(a)(3).

Second, the district court also did not clearly err in finding that Mitchell possessed a firearm. *See Almedina*, 686 F.3d at 1315. Even crediting Mitchell's testimony, Mitchell had constructive possession of the gun because he fought the victim for control of it and overpowered him to the point that, by his own admission, Mitchell had dominion over the gun and caused it to fire. *See Gunn*, 369 F.3d at 1235. Because Mitchell constructively possessed the gun, his contention that he did not possess the gun before the fight and that one witness did not know where the gun came from are immaterial. The district court, therefore, had a reasoned basis to find that Mitchell possessed a firearm, which violated the conditions of his supervised release and constituted a federal and state crime. *See Almendina*, 686 F.3d at 1315. Insofar as Mitchell argues that his possession of the gun was in self-defense, Mitchell chose to meet the victim, whom he knew was upset with him, instead of staying away. *Vereen*, 920 F.3d at 1310-11. Moreover, Mitchell has not shown that the district court's rejection of his self-defense argument was so improbable as to be clearly erroneous.

5

Therefore, the district court had a sufficient basis to find that Mitchell violated the conditions of his supervised release by possessing a firearm and by committing the Alabama state offense of second-degree assault.  Because the district court applied the correct legal standard and did not make any clearly erroneous factual findings, it did not abuse its discretion. Accordingly, we affirm.

**AFFIRMED.**