[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10610

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACKIE BERNARD HARVEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20222-FAM-1

_____

Before ROSENBAUM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Jackie Harvey appeals the district court's decisions to revoke his supervised release, sentence him to an additional 24 months of imprisonment upon revocation, and impose certain special conditions on his new lifetime term of supervised release.  He argues that the court erred in finding that he violated the conditions of his supervised release by failing to register an email address or social media identifier, that his two-year sentence is substantively unreasonable and based on a clearly erroneous interpretation of Florida law, and that a special condition of release prohibiting possessing or exchanging sexually explicit materials involving adults is not supported by the 18 U.S.C. § 3553(a) sentencing factors.  After careful review, we affirm the revocation of Harvey's supervised release, but we vacate his sentence and remand for further proceedings.

## I.

In July 2018, Harvey was convicted of failing to register as a sex offender under the Sex Offender and Registration Act ("SORNA") and sentenced to 27 months of imprisonment followed by a life term of supervised release.[1]  He was required to register as a sex offender because of prior Georgia convictions for enticing

---

[1] We upheld the lifetime term of supervision on appeal. *United States v. Harvey*, 824 F. App'x 889, 894 (11th Cir. 2020).  Harvey did not appeal the conditions of his release at that time. *See id.*

a child for indecent purposes.  Harvey began his life term of supervision upon his release from prison in March 2020.

Among the conditions of his supervised release, Harvey was prohibited from possessing, exchanging, or producing any sexually explicit materials involving minors or adults.  In imposing this condition, the court "wonder[ed] whether it should be an all-or-nothing thing," acknowledging that it was not a therapist and that distinguishing between "different type[s] of sexual material may not be a bad idea."  After the probation officer indicated that the blanket prohibition was to "be on the safe side," the court agreed that "was probably the right thing," and so imposed the blanket prohibition.  Still, though, the court was equivocal on the matter, stating, "It only becomes ripe if something happens, and then we can deal with it."

In December 2021, a probation officer submitted a superseding petition for Harvey's arrest, alleging that he had violated the conditions of his supervised release in several ways: (a) violating Florida Statutes § 943.0435(4)(e) by failing to register an email address or social media identifier (violations 1 & 2); (b) failing to submit truthful monthly reports by omitting an email address (violation 3); (c) possessing a computer with an internal modem in the form of a Samsung Galaxy phone (violations 4 & 5); and (d) possessing and trading adult pornography (violations 6 & 7).

The district court held a revocation hearing in February 2022.  Harvey admitted to violations 4, 5, and 6—possessing a computer, possessing a computer with an internal modem, and

possessing adult pornography—and the government called Harvey's supervising probation officer as a witness to prove the remaining violations.

As to the first three violations, the probation officer testified she reviewed Harvey's June 2021 Florida Sex Offender Registration form, his "latest registration" on file, which contained no indication of email addresses or social media identifiers, and his monthly supervision reports for May through August 2021, which likewise failed to list an email address. Yet according to the probation officer, a forensic examination of Harvey's phone, which was seized during an in-person visit on August 27, 2021, showed that he used an email address to communicate with a woman in May 2021, and that he maintained social media accounts on Facebook and Tik-Tok. Harvey also admitted using WhatsApp and Facebook. On cross-examination, the probation officer indicated that she did not know the specifics of the registration process, but she advised that the form was entered on a computer rather than handwritten, that the spaces for signatures of the registrant and the reporting officer were blank, and that on the form it said "device not working." The probation officer did not know who completed the form or what questions were asked of Harvey.

As to the remaining contested violation, violation 7, the probation officer testified that Harvey sent a link to a pornographic video to another person through WhatsApp, though she did not view the linked video. No evidence of child pornography was found on the phone.

The district court found Harvey guilty of violations 1 through 6 but not guilty of violation 7. As to violations 1 and 2, the court rejected Harvey's arguments based on the lack of signatures on the form, noting that there was no verification requirement in the statute and that the violation was the "failure to put in the information in the first place." The court found Harvey not guilty of violation 7 for lack of evidence that the link was to pornographic material. The court's findings established a guideline range of 12 to 18 months based on a Grade B violation and a criminal-history category of IV.

The district court asked for the parties' views on an appropriate sentence. The government said that 18 months was warranted because of prior convictions for failure to register as a sex offender and probation violations, which demonstrated an "escalati[ng]" disrespect for the law. Harvey asked for a sentence of 12 months, split equally between custody and house arrest. Harvey argued that he had been doing well under supervision, with a stable job and housing, that he had fully complied with his treatment, and that, despite the technical monitoring violations, his conduct was not anything worrisome. Harvey personally asked the court for an "opportunity to live" and "to be a productive citizen."

The district court sentenced Harvey to 24 months, the maximum sentence it could impose by statute. In explaining the basis for that sentence, the court cited Harvey's prior record, including his original conviction and his history of probation and registration

violations in the years afterward, and the direct violation of the court's prior order. The court continued,

> In view of that, it's just repetitive, and as a result, I think an upward variance from the 18-month top of the guidelines is appropriate. When I look at the Florida Statute[s] [§] 943.0435, it says that for a third or subsequent offense, a mandatory minimum term of two years with electronic monitoring, too, is appropriate, and I think a two-year sentence here is appropriate.

The court also chose to "again impose the lifetime supervised release with the exact same conditions as previously stated."

Harvey objected generally to the procedural and substantive reasonableness of his sentence. He also specifically objected to the special condition of supervised release requiring that he not possess or exchange adult pornography, contending that there was not a sufficient nexus to the § 3553(a) factors and that the activity was protected by the First Amendment. The court said the objection was "preserved" without further addressing it.

## II.

We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). We review findings of fact for clear error. *United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993).

The district court may revoke a term of supervised release and impose a prison sentence if it finds by a preponderance of the evidence that the defendant violated a condition of that release. 18 U.S.C. § 3583(e)(3); *United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006). The preponderance standard requires proof enough for a reasonable trier of fact "to believe that the existence of a fact is more probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (quotation marks omitted).

Florida Statutes § 943.0435(4)(e) requires sex offenders to "register all electronic mail addresses and Internet identifiers," among other information, either online or "in person at the sheriff's office within 48 hours after using such electronic mail addresses and Internet identifiers." Florida Standard Jury Instructions indicate that the failure to register or provide information must be "knowing[]." Fla. Std. Jury Instr. (Crim.) 11.14(3).

Harvey argues that the government's evidence did not sufficiently establish that he knowingly failed to report an email address or social media account to Florida law enforcement. He notes that the government did not produce any documentary evidence and instead relied solely on the testimony of the probation officer, who admitted that the relevant form was not signed by Harvey or the officer who purportedly received it.

Here, the district court did not clearly err in finding that Harvey violated § 943.0435(4)(e). Harvey does not dispute that he was required to register all email addresses and Internet identifiers

"within 48 hours" of using them. According to the probation officer, the form by which Harvey registered with Florida in June 2021, his "latest registration" with the state, did not include any email addresses or Internet identifiers, despite evidence that he had sent an email in May 2021 and used social media applications before the phone was discovered in August 2021. Harvey also failed to report similar information to the probation officer for his monthly reports from May to August 2021. The district court reasonably concluded from these facts that it was more likely than not Harvey did not report his use of email or Internet identifiers to the state within 48 hours of using them, as required by statute.

Harvey's arguments about the creation of the June 2021 form, and the lack of signatures, are unavailing. The form itself was not the basis for the supervised-release violation. Rather, the violation stemmed from Harvey's failure to register his use of his email address and social media accounts within 48 hours of their use. The form was evidence of that failure, of course, but the lack of signatures from Harvey or the assisting police officer does not affirmatively prove anything about his compliance with the statute. At best, it could create some doubt about whether the form accurately conveyed what Harvey reported. But even assuming that would be enough to defeat a criminal prosecution under § 943.0435(4)(e), the burden of proof in the revocation setting is the lower preponderance standard. *United States v. Cunningham*, 607 F.3d 1264, 1267–68 (11th Cir. 2010). And we cannot say that the

court's construction of the evidence was unreasonable. *See Almand*, 992 F.2d at 318.

For these reasons, the district court did not abuse its discretion in sustaining violations 1 and 2 and revoking Harvey's supervised release.

## III.

We review sentences imposed upon revocation of supervised release for reasonableness under the deferential abuse-of-discretion standard. *Sweeting*, 437 F.3d at 1106–07. The district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or relies on clearly erroneous factual findings. *United States v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011). Vacatur and remand are warranted when this Court cannot say whether an incorrect legal standard affected or influenced the district court's factual conclusion. *United States v. Brown*, 934 F.3d 1278, 1307 (11th Cir. 2019). We generally decline to discuss the substantive reasonableness of a sentence until procedural errors we have identified have been addressed by the district court. *United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009).

Harvey contends, and the government concedes, that the district court erroneously described Fla. Stat. § 943.0435 as requiring a mandatory minimum term of two years of imprisonment for a third or subsequent conviction for failure to register as a sex offender. In fact, that statute requires a minimum term of two years

"community control" in cases where "the court does not impose a prison sentence." Fla. Stat. § 943.0435(9)(b).  Because the court appeared to rely on an erroneous interpretation of the statute in support of its determination that a two-year prison term was appropriate in this case, we vacate Harvey's sentence and remand for further proceedings.  *See Brown*, 934 F.3d at 1307.

The government requests that, instead of vacating the sentence altogether, we issue a limited remand seeking clarification from the district court of its grounds for imposing the two-year sentence.  While that may be an appropriate remedy in certain cases, we decline to pursue that option here for several reasons.  The district court could, though of course is not required to, change its judgment as to an appropriate sentence based on a proper view of § 943.0435(9).  Vacating the sentence will permit the district court greater leeway to address these matters, including Harvey's non-frivolous arguments in mitigation, on remand without the need for further appellate intervention.  It will also give the parties an opportunity to offer their views on the matter.  We also note that, at the original sentencing, the court appeared to express some doubt about the need for the restriction on adult sexual materials and indicated that it would revisit that issue in the event of a violation.  When the issue came up in the revocation hearing, however, the court did not offer any additional explanation   But additional

explanation may facilitate review of this issue should the court choose to reimpose that condition on remand.[2]

For these reasons, we affirm the revocation of Harvey's supervised release, but we vacate his sentence and remand for resentencing.  Because we vacate and remand for resentencing, we decline to consider Harvey's challenge to the substantive reasonableness of his sentence or to the substantive basis for the adult pornography special condition at this time.  *See Barner*, 572 F.3d at 1253.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

---

[2] Because we do not further address Harvey's challenge to the special condition at this time, we need not resolve whether, as the government now contends, his failure to challenge that same condition in the first appeal means that the issue is forfeited and subject to plain-error review only.